T. Paul Kane, J.
Defendant moves to dismiss the complaint in this action for failure to diligently prosecute same pursuant to CPLR 3216 and for summary judgment under CPLR 3212.
This action was commenced on January 15, 1964. Following a conditional order of dismissal for failure to serve a complaint, the required pleading was served on July 17, 1964. Issue was joined on July 30, 1964. Defendant served a demand for a bill of particulars dated September 24, 1964 and upon plaintiff’s failure to comply, a motion for a preclusion order followed and resulted in a conditional order allowing service of a bill of particulars by the plaintiff within 20 days after service by mail of the order on December 29, 1964. Plaintiff’s attorney appeared upon the motion and consented to the entry of the above order. The bill of particulars was not served on or before January 21, 1965, and in fact it was not served until July 16, 1965 when it accompanied papers upon a cross motion to vacate the preclusion order heretofore granted in this action. This cross motion was made in response to defendant’s original motion, moving papers for which are dated May 7, 1965 and originally returnable before this court on May 28, 1965.
The action is for damages for breach of warranty arising out of the sale to plaintiff by defendant of a quantity of 11 propane ” *462 gas on or about November 22, 1962. No note of issue has been filed by either party and there was no notice served by defendant prior to this motion as required by CPLR 3216, since it is defendant’s position that the first branch of this motion is for failure to diligently prosecute, and not for failure to file a note of issue. (Mulinos v. Coliseum Constr. Corp., 22 A D 2d 163.) Plaintiff’s affidavit on its cross motion also serves as an affidavit of merit on the initial motion. This affidavit contains facts, which if proven upon a trial, could possibly warrant a jury in returning a verdict for the plaintiff. The delay at this point cannot be said to be unreasonable when applying the standards set forth in Sortino v. Fisher (20 A D 2d 25). That branch of the motion for relief under CPLR 3216 is denied.
The second branch of this motion for summary judgment is inextricably interwoven with the cross motion seeking relief from the preclusion order for failure to provide the bill of particulars. If the preclusion order stands, it is inconceivable how plaintiff could prove any cause of action for breach of warranty. If relief is granted from the preclusion order, factual questions exist and are of such substance as to defeat the motion of summary judgment.
As far as this court can determine the judicial trend seems to be toward imposing serious consequences for ignoring demands for bills of particulars and orders affecting them. (Mensh v. 12 Beekman Place, 11 A D 2d 642; Baumgarten v. Bratt, 13 A D 2d 832; Lehmann v. Johnson, Drake & Piper of Vietnam, 19 A D 2d 913.)
This court is much troubled in attempting to determine what rule should be applied to the facts at hand for a failure to comply with a conditional preclusion order. It appears that the authority in the Third Department is Paris v. Poticha (1 A D 2d 277) where relief was denied upon a motion to vacate a preclusion order after it had been in effect nine months. The plaintiff has submitted affidavits in support of its cross motion to be relieved from the preclusion order which while showing a possible meritorious cause of action, attempt also to provide the court with foundations for a determination of excusable delay. In considering excuse for delay, the acceptable standard has been stated by one court in these terms: “ He must show in factual detail an excuse proportionate to the neglect.” (Goldstein v. Wickett, 3 A D 2d 135 [4th Dept.].)
In following what it believes to be the rule in the Third Department, this court does not lean upon an exercise of discretion. The problems of plaintiff’s attorney certainly' can be appreciated and are undoubtedly real. However, the court is *463 haunted by the thought that compared to the time, effort and research spent upon these motions, compliance with the conditional order of preclusion would have been mere routine.
Since a strict rule and policy has been laid down in Paris v. Poticha (supra) and since this court is unable to find the exceptional factual situation and circumstances that would permit relief from such rule and policy (Lang v. New York Cent. R. R. Co., 4 A D 2d 926), the rule not only should, but must be followed. The cross motion for relief from the preclusion order is denied. Accordingly, for reasons previously stated, the motion for summary judgment is granted on the merits, without costs. (CPLR 3215, 5013; Eidelberg v. Zellermayer, 5 A D 2d 658.) Other issues raised upon these motions are rendered academic by this opinion.