■ MARIAN E. CLEMENTS, Respondent, v. EARL F. PETERS, Appellant.— Order unanimously reversed on the law and facts, motion for summary judgment granted and complaint dismissed, without costs. Memorandum: Plaintiff commenced an action by the service of a summons on August 23, 1967 to recover for personal injuries sustained in an automobile accident which occurred on November 29, 1966. Pursuant to a demand, the complaint was served October 2, 1967. Issue was joined and a demand for a bill of particulars served on November 6, 1967. Plaintiff failed to comply with defendant's demand and on January 23, 1968, upon plaintiff's default, a 20-day conditional preclusion order was granted. No attempt was made by plaintiff to comply with that order and no bill of particulars was served despite a letter from defendant dated May 10, 1968 again asking for a bill. Almost a year later, on April 17, 1969 defendant served notice of motion for summary judgment on the ground plaintiff was barred from giving evidence in support of her claim. The answering affidavit by plaintiff's attorney asked that the preclusion order be vacated, although no notice of cross motion for such relief was served as required by CPLR 2215. Because of this deficiency, and in view of the failure of the answering affidavit to demonstrate an excuse proportionate to plaintiff's neglect in complying with the preclusion order, it was error to grant relief from that order. The affidavit states merely that at the time of the initial demand deponent prepared a bill of

particulars and attempted to contact plaintiff so that the bill could be verified; also that after intensive investigation it was ascertained that plaintiff had been committed to Marcy State Hospital on October 24, 1967 and had remained there until her release about June 30, 1968. No information is offered as to when deponent learned of plaintiff's confinement, why an application to vacate the preclusion order was not made when such knowledge came to deponent, and why the bill of particulars was not verified and served after plaintiff's release in June, 1968. The statement in the affidavit that subsequent to plaintiff's release settlement negotiations were carried on in which deponent was assured an offer of settlement would be made imminently (which is denied by affidavits submitted by defendant) is also insufficient to excuse the failure to comply with the preclusion order, particularly in the absence of the dates when the alleged conversations took place and of any identification of persons with whom he had such negotiations. We again remind the bar that we "cannot condone or overlook great delay as in the instant case". (*Walker* v. *Ferri*, 5 A D 2d 24, 25; see, also, *Gonsa* v. *Licitra*, 6 A D 2d 755; *Palmer* v. *Fox*, 28 A D 2d 968, affd. 22 N Y 2d 667.) Plaintiff having failed to meet the heavy burden of explanation of her neglect, it was an improvident exercise of discretion to vacate the preclusion order. (*Goldstein* v. *Wickett*, 3 A D 2d 135.) Since, by virtue of that order, plaintiff was barred from establishing the elements of her cause of action, the motion for summary judgment dismissing the complaint should have been granted. (See *Jansen's Bottled Gas Serv.* v. *Warren Petroleum Corp.*, 47 Misc 2d 461.) (Appeal from order of Onondaga Special Term denying motion for summary judgment.) Present — Del Vecchio, J. P., Gabrielli, Moule, Bastow and Henry, JJ.