S. Samuel DiFalco, S.
The motion to dismiss, with prejudice, the objections filed to the account by Richard D. Sawicki is granted. By prior order of this court the objectant was directed to answer certain interrogations by August 14, 1970 and to appear at the Surrogate’s Court for examination on August 31, 1970. His prior attorney had been relieved from further obligation as attorney by order dated July 23, 1970, and the dates fixed for answering the interrogatories and for examination afforded him reasonable time to obtain new counsel. However, he was directed to appear for examination in any event, with or without counsel. A copy of the order was served upon him by registered mail by retiring counsel. The objectant failed to appear for examination or to answer any interrogatory. He has failed to appear on the present motion. His only response was a telephone request for an eight-week adjournment of this motion.
The objectant’s conduct evinces a refusal to comply with the provisions of the court’s order for disclosure. The history of this claim plainly indicates that the petitioner has no intention of prosecuting it diligently. He has failed, despite ample opportunity, to secure the services of another lawyer. He has consistently and willfully failed to make disclosure. The court is expressly empowered in these circumstances to resolve the issues against the objectant (CPLR 3126, subd. 1) or to preclude him from adducing any evidence in regard to all of the issues as to which he has failed to make disclosure (CPLR 3126, subd. 2). In this instance that means objectant’s entire case. Indeed, the objectant’s conduct in this regard justifies the imposition of the ultimate sanction: an outright default judgment against him under subdivision 3 of CPLR 3126. (See Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3126.)
If the court were merely to order preclusion against the objectant under subdivision 2 of CPLR 3126 the estate would then be in a position to move for summary judgment against the objectant on the ground that his incapacity to adduce any evidence in support of his claim necessitates its dismissal. An analogous result occurred in Jansen’s Bottled Gas Serv. v. Warren Petro. Corp. (47 Misc 2d 461). The present motion papers, *1018 as well as those on a prior motion, indicate that the claim is completely lacking in merit. Indeed the present motion papers may be viewed as seeking summary judgment, for they detail the opinion of the expert on questioned documents, they establish the discrepancy between the dates on the checks and the age of the checks themselves, and they ask judgment dismissing the claim with prejudice. Under all of the circumstances and in the exercise of its powers under subdivision 3 of CPLR 3126 the court hereby dismisses the petitioner’s claim, with prejudice.