■ SALLY L. DENT, Respondent, v. EULILY BAXTER, Appellant.— Order unanimously reversed, without costs and motion denied without prejudice to renewal of plaintiff's application in accordance with the following memorandum: Plaintiff was injured in an automobile accident on July 28, 1965. Shortly afterwards, she and her mother consulted an attorney who commenced an action in her name alone on July 29, 1968, although she was an infant having been born on June 16, 1948. While plaintiff was still an infant, defendant obtained an order of preclusion on March 21, 1969 for her failure to serve a bill of particulars. Defendant, on the basis of the preclusion order, obtained an order granting summary judgment on June 11, 1970, almost a year after she reached majority. Subsequently, plaintiff retained new counsel and obtained an order vacating the order of preclusion and the order for summary judgment, from which defendant appeals. If a preclusion order is valid, plaintiff cannot prove a cause of action and summary judgment is proper. (*Clements* v. *Peters*, 33 A D 2d 1096.) A plaintiff cannot avoid the consequences of a preclusion order by discontinuing the action. (*Palmer* v. *Fox*, 22 N Y 2d 667.) We have stated on several occasions that an order of preclusion for failure to serve a bill of particulars may not be disregarded with impunity and that in the absence of extraordinary and exceptional circumstances it is an abuse of discretion to grant relief from such an order. (*Gonsa* v. *Licitra*, 6 A D 2d 755; *Walker* v. *Ferri*, 5 A D 2d 24; *Schulz* v. *Sun Oil Co.*, 4 A D 2d 44.) Plaintiff may have some basis for vacating the order of preclusion since it was obtained during plaintiff's infancy (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 1201.02, 1201.07; 21 Carmody-Wait 2d, New York Practice, § 124.26) and consequently plaintiff may have a basis for vacating the summary judgment. However, the papers upon which the order herein was granted did not fully show the circumstances surrounding plaintiff's connection with the action brought in her name and do not provide sufficient basis for a determination of whether she is responsible for what transpired. (Appeal from part of order of Onondaga Special Term vacating summary judgment.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.