■ THERESA ABBINANTI, Plaintiff, and JOSEPH F. ABBINANTI, Respondent, v. HERBERT E. BAISCH et al., Appellants.— Order unanimously reversed, without costs, and motion denied. Memorandum: The trial court granted defendant Joseph Abbinanti's motion to compel appellants to accept a bill of particulars more than one year after the preclusion order was entered and over one and one-half years after the demand for particulars was made. The only excuse offered by respondent for this delay was a law office failure in that he thought that he had served the husband and wife's bill of particulars together. In fact, only the wife's bill had been sent. Respondent's attorney was served with a 20-day preclusion order in the husband's action after he had served the wife's bill of particulars and this should have alerted him to the problem. We have repeatedly held that law office failures do not excuse a default. (*RVA Trucking* v. *Lane Constr. Corp.*, 35 A D 2d 773; *Gonsa* v. *Licitra*, 6 A D 2d 755.) Furthermore, there is no proper affidavit of merits accompanying the motion papers. The order of Special Term was an improvident exercise of discretion. (Appeal from order of Erie Special Term directing acceptance of bill of particulars.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MONROE JENNINGS, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.

■ In the Matter of ADGIE L. COKER, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Appeal unanimously dismissed, without costs. Memorandum: This appeal from an order in an article 78 proceeding is not maintainable as of right (CPLR 5701, subd. [b], par. 1) and permission to appeal was not obtained. Since the order remits the proceeding to appellant for a hearing, had permission to appeal been sought herein we would have denied the application (see *Matter of Vicenzio* v. *City of Utica*, 30 A D 2d 771). (Appeal from order of Onondaga Special Term annulling determination revoking license.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.