■ KENNETH WILLIAMS, Respondent, v. MALLINCKRODT CHEMICAL WORKS et al., Appellants. MALLINCKRODT CHEMICAL WORKS, Third-Party Plaintiff-Appellant, v. GAYNOR GLASS WORKS DIVISION, NATIONAL BOTTLE CORPORATION,

Third-Party Defendant-Respondent.— Order unanimously reversed, without costs, plaintiff's motion denied and defendants' motions for summary judgment granted and complaint dismissed. Memorandum: Plaintiff's action was commenced by service of a summons on July 15, 1970. No complaint was served until after attorneys for defendant Biological Supply Company, Inc., secured an order on October 7, 1970 requiring service within 20 days and attorneys for defendant Mallinckrodt Chemical Works secured an order October 21, 1970 requiring service within 10 days. On November 5, 1970 attorneys for defendant Mallinckrodt served a demand for a bill of particulars and on November 12, 1971 attorneys for defendant Biological served a similar demand. On March 10, 1971 defendant Mallinckrodt's attorneys secured a 30-day preclusion order and on April 4, 1972 defendant Biological's attorneys secured a 45-day preclusion order. On November 15, 1972 counsel for Biological served a notice of motion for summary judgment based upon the preclusion order of April 4, 1972 and on December 6, 1972 counsel for Mallinckrodt served a notice of motion for similar relief based upon the preclusion order of March 10, 1971. On January 5, 1973 plaintiff's counsel by order to show cause moved to vacate the preclusion orders, to serve bills of particulars and to deny defendants' motions for summary judgment. Plaintiff's counsel states in his affidavit that he was substituted as counsel for plaintiff on March 15, 1972, that he was not put on notice by former counsel of the default in responding to the demands for bills of particulars and that upon receipt of the case file from plaintiff's former counsel, he noticed that there was a bill of particulars in the file which he assumed had been properly served on all defendants. It appears however that plaintiff's present counsel assumed his duties prior to the preclusion order obtained by defendant Biological and that a copy of the order with notice of entry was served upon him. Under the circumstances he should have been alerted to the prior failure to serve the bills of particulars demanded. According to the complaint, the causes of action asserted therein arose out of injuries sustained by plaintiff on July 19, 1967 and the matter was not sued until four days before the Statute of Limitations would have run. From the entire history of the case it would appear that there has been protracted and inexcusable delay on the part of both plaintiff's original counsel and substituted counsel from the inception of the cause of action and we have repeatedly held that law office failures do not excuse defaults such as occurred here (see *Abbinanti* v. *Baisch,* 41 A D 2d 693). To vacate a preclusion order plaintiff must show extraordinary and exceptional circumstances (*Dent* v. *Baxter,* 37 A D 2d 908; *Schultz* v. *Kobus,* 15 A D 2d 382) and "Excuses for avoidable delay are insufficient which merely lay the delay at the door of the plaintiff himself, the lawyer of record, trial counsel, other associated counsel, or employees of any of the lawyers". (*Sortino* v. *Fisher,* 20 A D 2d 25, 29.) Plaintiff having failed to meet the heavy burden of explanation of his neglect, it was an improvident exercise of discretion to vacate the preclusion orders and since, by virtue of those orders, plaintiff was barred from establishing the elements of his causes of action, the motions for summary judgment dismissing the complaint should have been granted (see *Clements* v. *Peters,* 33 A D 2d 1096). (Appeal from order of Monroe Special Term in negligence action.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Henry, JJ.