■ ROBERT DEJOHN et al., Respondents-Appellants, v D. W. WINKELMAN CO., INC., Defendant, and MARTINO BROTHERS, INC., Appellant-Respondent.—Order unanimously modified in accordance with memorandum and as modified, affirmed, without costs. Memorandum: In December, 1972 plaintiffs commenced this action against both defendants for personal injuries sustained in a vehicular accident which occurred on July 6, 1970. Issue was joined and defendant Martino Brothers, Inc. (Martino), which had also been served with a third-party complaint by defendant D. W. Winkelman Co., Inc. (Winkelman), made a demand for a bill of particulars. Plaintiffs failed to comply with that demand and, on plaintiffs' default, defendant obtained a 30-day conditional preclusion order which was forwarded to plaintiffs on July 11, 1973. On April 10, 1975 plaintiffs served notices on both defendants for examinations before trial. Martino moved to vacate the notice as to it on the grounds that the preclusion order prevented plaintiffs from giving evidence requested in the demand for a bill of particulars and that the person sought to be examined, the driver of its vehicle involved in the collision, was no longer in its employ. On May 1, 1975 plaintiffs moved to vacate the preclusion order and Martino responded with a motion for summary judgment. In order to vacate an order of preclusion for failure to serve a bill of particulars, plaintiffs must satisfy "a very heavy burden of explanation. [They] must show in factual detail an excuse proportionate to the neglect." *(Goldstein v Wickett,* 3 AD2d 135.) The consistent and often repeated requirement is that plaintiffs must demonstrate "extraordinary and exceptional circumstances" in order to excuse their noncompliance with an order of the court *(La Frois Foods Corp. v Aetna Ins. Co.,* 47 AD2d 994; *Dent v Baxter,* 37 AD2d 908; *RVA Trucking v Lane Constr. Corp.,* 35 AD2d 773; *Gonsa v Licitra,* 6 AD2d 755). Plaintiffs seek to justify their inaction by claiming that Martino's counsel had orally agreed with their first attorney to accept a copy of the bill of particulars which had been served upon Winkelman. In support of this position they offer an affidavit of their first attorney's secretary which fails to state either when the alleged conversation occurred or when the Winkelman bill of particulars was mailed to Martino. The affidavit states that in order to save time the bill of particulars was mailed without an accompanying letter of transmittal. Counsel for Martino asserts that he never had such a conversation with plaintiffs' attorney and never received a copy of the Winkelman bill of particulars. As did Special Term, we find plaintiffs' claim unconvincing. The further contentions that plaintiffs' default should be excused because their first attorney was involved with his disbarment proceedings during much of the period of delay and because plaintiffs thought that Martino had been furnished a bill of particulars, are unacceptable (see *La Frois Foods Corp. v Aetna Ins. Co.,*

*supra; Abbinanti v Baisch,* 41 AD2d 693). Accordingly, Martino's motion for summary judgment should be granted, since plaintiffs are barred from establishing their cause of action against it *(Williams v Mallinckrodt Chem. Works,* 42 AD2d 1044; *Clements v Peters,* 33 AD2d 1096). In its remaining status as a third-party defendant, Martino is nonetheless subject to examination *(Rizzo v Steiner,* 20 AD2d 909; CPLR 3101, subd [a], par [1]; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.24), as, in these circumstances, is its prior employee (CPLR 3101, subd [a], par [4]; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.28). (Appeals from order of Onondaga Supreme Court—summary judgment, etc.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.