■ Judy D. Wilkinson, as Administratrix of the Estate of Donald B. Wilkinson, Deceased, Appellant, v George W. Higbee, Respondent. George W. Higbee, Third-Party Plaintiff-Respondent, v Helen L. S. Rabjons, Third-Party Defendant-Respondent.—Order and judgment unanimously affirmed, without costs. Memorandum: Defendant moved for an order of summary judgment dismissing plaintiff's complaint and plaintiff cross-moved for an order directing defendant to accept her tendered bill of particulars and to vacate an order of preclusion. Special Term denied plaintiff's motion and granted defendant's motion, holding that the admitted "law office failure" or "law office inadvertence" of plaintiff's attorney is insufficient reason to excuse the inordinate delay in furnishing the bill of particulars, after service upon the attorney of the order of preclusion. As we stated in *Williams v Mallinckrodt Chem. Works* (42 AD2d 1044, 1045) "we have

repeatedly held that law office failures do not excuse defaults such as occurred here (see *Abbinanti v. Baisch,* 41 A D 2d 693)". (See, also, *Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; *Dent v Baxter,* 37 AD2d 908; *Clements v Peters,* 33 AD2d 1096; *Sortino v Fisher,* 20 AD2d 25, 29.) No extraordinary or exceptional circumstances are alleged and Special Term's discretion was properly exercised *(Schultz v Kobus,* 15 AD2d 382). (Appeal from order and judgment of Wayne Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.