■ LE FROIS FOODS CORP. et al., Doing Business as J. K. HURD AND SON, et al., Appellants, v POLICY ADVANCING CORP., Respondent, et al., Defend-ants.—Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiff Le Frois Foods Corporation was the owner of real estate upon which the other plaintiffs held mortgages. On December 11, 1971 certain buildings and their contents located on this real estate were destroyed by fire. Subsequently, plaintiffs commenced this action against defendant insur-ance companies and Policy Advancing Corporation (PAC), a premium financ-ing agency, seeking payment pursuant to fire insurance policies allegedly issued by the insurance companies. Plaintiffs now appeal from that part of an order granting summary judgment in favor of defendant PAC on the basis of an outstanding order of preclusion. In their complaint plaintiffs set forth six causes of action, the last four of which alleged theories of recovery against PAC. Under their third and fourth causes of action, plaintiffs sought damages on a theory of breach of promise in that PAC made promises or representations that policy premiums had been paid and that such policies were in effect at the time of the fire. In their fifth and sixth causes of action plaintiffs set forth a theory of recovery based upon breach of contract due to PAC's failure to notify plaintiffs of the termination of insurance coverage. Following service of this complaint, PAC served upon plaintiffs its answer and a demand for a bill of particulars. As a result of plaintiffs' failure to comply with the demand, a preclusion order was entered. With respect to their third and fourth causes of action, as a result of the order of preclusion entered against them, plaintiffs were precluded from: (1) establishing the terms of the premium finance agreements; however PAC in its answer admitted the existence of the premium financing agreements and that the agreements provided that Le Frois Foods Corp. made monthly installment payments on the policies in question with finance charges added; (2) estab-lishing the dates of certain downpayments and installment payments and the dates and amounts of others made pursuant to the premium finance agreements; (3) proving the receipt of the notices of cancellation by Le Frois Foods Corp.; however, PAC in its answer admitted that it had issued the notices of cancellation and conceded the truth of the plaintiffs' allegations as to the dates of issue of the notices and their effective dates; (4) establish-ing the payment of premiums to PAC either prior to or subsequent to December 11, 1971 and to which insurance policies they applied; (5) proving the existence of representations or warranties made to them by agents of PAC. With respect to their fifth and sixth causes of action plaintiffs were precluded from offering any proof concerning the particular portion of any

agreement or contract with PAC which PAC was alleged to have breached. Plaintiffs contend that PAC possessed substantially all of the information it sought to preclude and that, therefore, it was premature and erroneous for the court to grant PAC summary judgment without first affording plaintiffs an opportunity to ascertain and demonstrate the extent of PAC's knowledge concerning this information. It is well settled that "[t]he granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary's knowledge thereof, nor upon the actual facts" *(Solomon v Travelers Fire Ins. Co.,* 5 AD2d 1017; *Dwyer v Slattery,* 118 App Div 345). That PAC might appear to have knowledge of the information sought is immaterial (see *Whirl Knits v Adler Business Machs.,* 54 AD2d 760). Furthermore, inasmuch as issue was joined in this action in January, 1973 and plaintiffs have neither requested nor moved for discovery since that time, they cannot now assert that they were deprived of the opportunity to ascertain and demonstrate the extent of PAC's knowledge concerning the information sought to be precluded. Moreover, we find no merit to plaintiffs' contention that summary judgment is an inappropriate remedy when granted solely on the basis of an order of preclusion. Courts have been far from reluctant to grant such relief on that basis, particularly where it is clear that the preclusion order in effect bars the party from making out a prima facie case *(DeJohn v D. W. Winkelman Co.,* 53 AD2d 1049, 1050; *Williams v Mallinckrodt Chem. Works,* 42 AD2d 1044, 1045, app dsmd 34 NY2d 567; *McCraith v Wehrung,* 42 AD2d 825, 826; *Jawitz v British Leyland Motor,* 42 AD2d 536, 537; *Dent v Baxter,* 37 AD2d 908; *Clements v Peters,* 33 AD2d 1096, 1097). Since by virtue of the preclusion order plaintiffs are barred from establishing the necessary elements of their causes of action against PAC, the motion for summary judgment was properly granted. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.