■ In the Matter of DELIA KNAFOU, as Surviving Spouse of JACOB S. KNAFOU, Deceased, Appellant. SYLVIA K. BENGUALID et al., Respondents.— Decree, Surrogate's Court, New York County, entered on June 27, 1978, unanimously affirmed on the opinion of Midonick, S., without costs and without disbursements. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.

## (May 17, 1979)

■ SUSAN S. DANOFF et al., Respondents, v RICHARDSON-MERRELL, INC., et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered September 16, 1978, limiting further discovery by appellants to those matters consented to by respondents is modified, on the law and the facts, to grant the further discovery sought and, as so modified, affirmed without costs. The action here involved is to recover for alleged medical malpractice by a defendant not a party to this appeal in prescribing the drug "Clomid" and for the alleged negligence of appellants in the manufacture and distribution of the drug without proper testing and in representing that the drug was safe for therapeutic purposes. During the course of the examination before trial of Susan Danoff, request was made for authorizations to obtain records of physicians who had treated her prior to the taking of the drug and to obtain hospital records. Additionally, certain questions asked of said respondent were left unanswered upon the agreement that the blanks left in the transcript would be filled in when it was submitted to her for signature. The failure of respondent, Susan Danoff, to fill in the blanks, coupled with her refusal to submit some of the requested authorizations led to the order here sought to be reviewed. We treat the motion as one to reopen the discovery proceedings heretofore had *(Tri-State Pipe Lines Corp. v Sinclair Refining Co.,* 26 AD2d 285). Appellants have established a clear entitlement to the relief sought. Accordingly, we modify to grant the relief requested. In so doing, we note that we do not pass upon the right of appellants to seek the examination of any nonparty witness. While alternative request for such relief was made in the matter now before us, we think it appropriate that any such examination be sought in conformity with CPLR 3106 (subd [b]). Concur—Murphy, P. J., Sandler, Bloom, Yesawich and Ross, JJ.