■ SHARON SCANLON, an Infant, by Her Father, CORNELIUS SCANLON, et al., Respondents, v RHODES SCHOOL, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered June 5, 1979, granting plaintiffs' motion to direct defendant the Rhodes School to accept plaintiffs' bill of particulars and denying defendant the Rhodes School's cross motion for summary judgment, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent that the grant of plaintiffs' motion and the denial of said defendant's cross motion are conditioned upon payment by plaintiffs' attorneys personally (not by the clients) of $200 costs to defendant-appellant within 20 days after the service of a copy of the order hereon, in which case the order appealed from as modified is affirmed, without costs; in the event of noncompliance with said condition, the order appealed from shall be reversed, on the law and the facts, and in the exercise of discretion, without costs, and plaintiffs' motion denied and defendant the Rhodes School's cross motion is granted. There is no excuse for the failure of plaintiffs to comply with the demand for a bill of particulars for approximately six months before a conditional order of preclusion, and six weeks to two months after the expiration of the 30-day period allowed in the conditional order of preclusion. On the other hand, the bill of particulars was attempted to be served about three months before plaintiffs' motion to compel acceptance thereof and the defendant's cross motion for summary judgment based on the default in service of the bill of particulars, and the parties continued to litigate in the interim. In all the circumstances, we are reluctant to penalize the infant plaintiff for the attorneys' disregard of the obligation to comply promptly with the demand for the bill of particulars, but we think that a sanction should properly be imposed upon the attorneys, and we do so. We note that neither side has bothered to comply with the rules of this court by including any record references whatsoever in their briefs. Concur—Murphy, P. J., Kupferman, Markewich and Silverman, JJ.

■ HAROLD CHETRICK et al., Appellants, v DAVID S. TROLMAN et al., Respondents.—Order, Supreme Court, New York County, entered on February 20, 1980, denying plaintiffs' motion for a preliminary injunction directing defendants to, *inter alia,* allow them access to and use of the library located in the primary suite in the subject law offices, unanimously affirmed, without costs. Our affirmance is in part predicated upon our belief, as gleaned from the record, that "access to and reasonable use of the library" is and will be available to plaintiffs during normal business hours. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.