■ BERNICE BERKOWITZ, Individually and as Mother and Natural Guardian of IRIS BERKOWITZ, an Infant, et al., Respondents, v BEN FUTERNICK, Appellant, et al., Defendants. — In a medical malpractice action, defendant Dr. Ben Futernick appeals from an order of the Supreme Court, Queens County (Linakis, J.), dated September 29, 1980, which failed to grant his motion for summary judgment and granted plaintiffs' cross motion to vacate a final order of preclusion and to serve their bill of particulars upon condition that plaintiffs' attorney pay the sum of $700 to the appellant's attorney. Order reversed, on the law, with $50 costs and disbursements, defendant Futernick's motion for summary judgment is granted, and plaintiffs' cross motion is denied. In late November, 1978 plaintiffs commenced this medical malpractice action by service of a summons and complaint, it being alleged that Iris Berkowitz was injured by appellant Dr. Ben Futernick, and co-defendants, Dr. Walter J. Puderbach and Whitestone General Hospital, in the course of medical treatment. On March 9, 1979 plaintiffs were served with an answer and demand for a bill of particulars. On June 25, 1979 appellant moved for an order of preclusion and/or an order to compel plaintiffs to serve a bill of particulars since no bill had been received. On default of the plaintiffs, Justice Calabretta granted an order to preclude unless plaintiffs served a bill of particulars within 20 days of service of the order. The order was dated August 6, 1979 and notice of entry was served on plaintiffs on August 20, 1979. Service of the bill of particulars was not attempted until June 30, 1980, a full 10 months after the conditional order of preclusion was served and 15 months after the demand for the bill of particulars. Appellant promptly rejected service and brought the present motion for summary judgment. Subsequently, plaintiffs cross-moved to vacate the order of preclusion. Special Term did not grant appellant's motion but did grant plaintiffs' cross motion. The sole reason given for plaintiffs' delay in serving the bill of particulars is "law office failure". It is an abuse of discretion for a Trial Judge to deny a motion for summary judgment which is based on an order of preclusion where the only excuse for failure to serve the bill of particulars is law office failure. This court has previously held that law office failure is not a valid excuse to vacate an order to preclude (Harris v

*Brooklyn Hosp. at Brooklyn Cumberland Med. Center,* 81 AD2d 658; see *Barasch v Micucci,* 49 NY2d 594). Titone, J.P., Mangano, Gibbons and Thompson, JJ., concur.