■ ROBERT R. SPENCER et al., Respondents, v MARTIN HOLT et al., Appellants. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: "Time and again we have held that conditional orders of preclusion for failure to serve a bill of particulars may not be disregarded with impunity, and that in the absence of extraordinary and exceptional circumstances it is an abuse of discretion by Special Term to grant relief from such an order" (*Le Frois Foods Corp. v Aetna Ins. Co.*, 47 AD2d 994). The instant case presents a model of the abuse warned against. The accident occurred June 1, 1976; summons and complaint were served April 28, 1978; issue was joined and demand for a bill of particulars was made May 10, 1978; motion to preclude was made June 11, 1979; upon plaintiff's default a 40-day conditional order was granted July 2, 1979; the conditional order was served by mail on July 9, 1979 and again, with notice of entry, on October 24, 1979;

motion for summary judgment and dismissal was made on February 14, 1980; bill of particulars was served in response to motion on February 16, 1980. Thus, 21 months passed between the demand for and service of the bill of particulars, seven months from the first service of the conditional order of preclusion and almost four months after the second service of the preclusion order. In opposition to defendants' motion for summary judgment and dismissal, plaintiffs offered little to explain the delay other than the disability of plaintiff Robert Spencer. Indeed, by way of documents and reports attached to the affidavits in opposition to the motion, it becomes abundantly clear that plaintiffs had in their possession most of the information needed to respond to defendants' demand long before the demand for the bill of particulars was made. There is no indication in the affidavits submitted by and on behalf of plaintiffs that additional time was necessary to obtain the information sought. Nor did plaintiffs at any time prior to the instant motion seek to vacate the order of preclusion after it became final. Furthermore, plaintiffs' proffered explanation that much of the information sought by the bill of particulars was already within the knowledge of defendants is unavailing. "The granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary's knowledge thereof, nor upon the actual facts" (*Solomon v Travelers Fire Ins. Co.*, 5 AD2d 1017; see, also, *Le Frois Foods Corp. v Policy Advancing Corp.*, 59 AD2d 1013, 1014). All that remains of plaintiffs' excuses for failure to respond to the demand and the conditional order of preclusion is simple law office failure, which was recognized by Special Term when it assessed additional costs of $500 against plaintiffs' attorney for his "neglect and dilatory efforts". (Appeal from order of Supreme Court, Oswego County, Balio, J. — summary judgment.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.