■ Donald R. Suggs, Respondent, v Robert Hrabb et al., Appellants, et al., Defendants. — Orders reversed, without costs, and motions denied. Memorandum: Appellants Hrabb and Jaskulski appeal from an order which granted plaintiff's motion to vacate an order of preclusion and which directed defendants to accept plaintiff's bill of particulars. Plaintiff was injured in an automobile accident on June 2, 1978 and commenced this action by service of a summons and complaint on February 27, 1980. Appellants appeared by answer July 15 and demanded a bill of particulars. When no bill was forthcoming, they moved to preclude plaintiff. On August 25 the court granted a 20-day order which was served on plaintiff's counsel September 2. On September 17, 1980 appellants' counsel granted plaintiff a 30-day extension because the remaining defendants had not yet appeared and counsel wished to prepare one general bill of particulars. No further extension was requested or granted. The bill of

particulars was not served until March 24, 1981 and when it was received, appellants' counsel promptly returned it as untimely. On April 8 plaintiff moved to be relieved of his default. The court granted the order appealed on May 4, 1981. Over a year later it granted plaintiff's motion to renew and a subsequent order dated August 23, 1982, which appellants also appeal, was entered after renewal. The August 23, 1982 order also vacated the preclusion order. The courts are granted general power to vacate orders upon the ground of excusable default (see CPLR 5015, subd [a], par 1). To warrant exercise of the courts' discretionary power to vacate, however, the defaulting party must demonstrate merit to his position so that the discretion of the court will not be exercised to revitalize a worthless claim and he must present an acceptable excuse for the default. We have repeatedly held, when discussing a party's failure to comply with a preclusion order directing delivery of a bill of particulars, that the defaulting party must meet a "heavy burden of explanation" for his neglect (*Clements v Peters,* 33 AD2d 1096, 1097) and relief should not be granted in the absence of exceptional and extraordinary circumstances (*Le Frois Foods Corp. v Aetna Ins. Co.,* 47 AD2d 994; *Barone v Gangi,* 34 AD2d 889). The Court of Appeals has now established that excuses which constitute no more than "law office failures" do not, as a matter of law, supply a justification permitting the court to exercise its discretion to vacate a default. Plaintiff's explanation in this case constitutes no more than a law office failure and Special Term therefore erred in vacating the preclusion order (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594; *Ferrigno v St. Charles Hosp.,* 86 AD2d 594; *Berkowitz v Futernick,* 84 AD2d 825; *Batista v St. Luke's Hosp.,* 46 AD2d 806; *RVA Trucking v Lane Constr. Corp.,* 35 AD2d 773; Siegel, New York Practice, 1981-1982 Pocket Part, § 231, pp 60-63). Counsel's explanation is that he suffered a disabling back injury in mid-November, 1980 which prevented service of a timely bill. That injury occurred after plaintiff had failed to comply with the order, however, and it cannot excuse his default. Moreover, after counsel became confined, another attorney in his office took over the file, attended to it and was able to talk with the disabled attorney by telephone. Under the circumstances, the lack of detailed communication between two members of the same law firm and the mistaken belief by counsel replacing the injured partner that defendants had granted an unlimited extension to prepare one general bill of particulars for all defendants were unwarranted. It should be noted also that on the return date of the motion to vacate, plaintiff failed to make a sufficient showing of the merit of his cause of action and the motion should have been denied on that ground also. The moving papers submitted to the court prior to its 1981 order allege only that in counsel's opinion plaintiff has a meritorious cause of action. Approximately a year and three months after the court had granted that motion to vacate the preclusion order, plaintiff moved to renew his motion and at that time, for the first time, he made an adequate showing of merit. The court granted the motion to renew, and after renewal, reaffirmed its prior order vacating the preclusion order. Renewal was granted at that late date despite the fact that plaintiff's counsel made no attempt to justify his original failure to show merit to the action or to justify his delay in making the motion to renew (see *Foley v Roche,* 68 AD2d 558, 568; *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684, 685). The affidavit of counsel submitted on renewal in August offered only the suggestion that the new proof of merit might be "helpful" to the court. This highly questionable procedure not only highlighted counsel's neglect, but it added to the court's burden in handling delinquent cases. The court should not have permitted plaintiff to use this procedure to cure deficiencies in the moving papers after defendant had

appealed the 1981 order. Concur — Simons, J. P., Denman and Schnepp, JJ.; Callahan and Moule, JJ., dissent and vote to affirm. (Appeal from orders of Supreme Court, Erie County, Ricotta, J. — vacate preclusion order.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.