■ LYNN MARKOWITZ et al., Appellants, v STATE OF NEW YORK et al., Respondents. — In a negligence claim, the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (McCabe, J.), dated January 27, 1982, as, upon granting claimants' motion for reargument, adhered to its prior determination granting summary judgment to the defendants. Order reversed insofar as appealed from, without costs or disbursements, motion for summary judgment denied and matter remitted to the Court of Claims for further proceedings consistent herewith. Claimant Lynn Markowitz was born on March 27, 1955 with cerebral palsy. Shortly thereafter she was placed in the Willowbrook State School. A notice of claim dated March 22, 1978 alleges that the defendants were negligent in failing to diagnose and treat Lynn Markowitz' scoliosis condition while she resided at the school. It is alleged that the scoliosis condition has been described as overwhelming and that the claimant has sustained progressive debilitating deformities and is bedridden because of the defendants' neglect. An answer in the form of a general denial was interposed on May 22, 1978. Deeming claimants' initial bill of particulars unsatisfactory the defendants moved to preclude the claimants, which motion was granted unless a further bill of particulars was served no later than 60 days prior to trial. Subsequently, the defendants moved to reargue that motion alleging, *inter alia,* that the 60 days might be an insufficient period of time within which to prepare the case for trial. As a result of the motion for reargument, the defendants were granted leave to seek an adjournment of the scheduled trial date on notice to claimants' attorney no later than seven days prior to trial. After the case was marked ready and following a number of adjournments the case was scheduled for trial on December 16, 1981. The claimants' supplemental bill of particulars was verified and served upon the defendants on December 15, 1981. The next day, prior to trial, the defendants made an oral motion for summary judgment based on the fact that the claimants were precluded from offering testimony to prove the essential elements of their claim. On the argument of the motion the Trial Judge stated that he thought "in all fairness the Attorney General either should be able to make a motion to preclude with regard to this further Bill, or that he should have time to answer on this." However, he went on to say that he was going to

speak to the Calendar Judge before making a decision and "let him decide what he will do". A recess was taken after which the Trial Judge returned and stated for the record that the Calendar Judge "is giving no adjournments on any cases that were marked ready for trial. Therefore, I am going to have to grant the motion by the State." In his decision rendered upon the claimants' motion for reargument the Trial Judge reiterated his reluctance to grant summary judgment. He wrote: "Although this Court would ordinarily be inclined to vacate its prior judgment upon condition that claimants' attorneys personally pay a certain amount of costs to defendant (see *Scanlon v Rhodes School,* 76 AD 2d 813), it is constrained to adhere to its prior determination (*Berkowitz v Futernick* [84 AD2d 825])." The Trial Judge should not have deferred to another Judge with respect to a decision to be made in a case pending before him. It seems apparent from the record that the Trial Judge was of the opinion that in fairness an adjournment was called for to enable the defendants to move against the supplemental bill and that he did not think he should grant summary judgment upon the ground that the claimants were precluded from offering evidence in support of their claim merely because the supplemental bill had not been served a sufficient amount of time prior to trial. Having so concluded he should have exercised his own discretion and have granted the adjournment which he deemed to be proper under the circumstances and which had been provided for in a prior court order as a result of the defendants' request for more time prior to trial. Moreover, the nature of the conditional preclusion order, which did not specify a date certain for the filing of the supplemental bill, and the muddled procedural history of this case including numerous delays by both sides distinguishes the matter from the case of *Berkowitz v Futernick* (84 AD2d 825). In *Berkowitz,* the plaintiff simply ignored the court's directive to serve a bill of particulars within 20 days from the date of service of the preclusion order upon him. In the case at bar, the claimants were directed to serve a further bill of particulars no later than 60 days prior to trial. In seeking reargument of that directive the defendants noted that in order for a trial date to be set the State would have to answer ready at the calendar call. In September, 1981 the case was marked ready for trial to be heard during the December term. During the intervening period the trial date was confirmed on a number of occasions with no further mention made of the bill of particulars and no effort made by the State to preclude the claimants or to obtain summary judgment until the very date of the trial. While we do not accept the claimants' allegation that they were deliberately misled by the defendants, the fact remains that the defendants with knowledge of the fact that they had not received the supplemental bill of particulars, marked the case ready for trial which gave the claimants reason to believe that the defendants were not going to insist on receiving such bill at least 60 days prior to trial. For the foregoing reasons, we deem the case of *Berkowitz v Futernick (supra)* to be inapplicable. Thus, the Trial Judge acted too hastily in granting summary judgment in this matter. Rather, as noted above, the Trial Judge should have done that which he believed fairness dictated, namely, have allowed the defendants to move with regard to the supplemental bill of particulars or have granted them an adjournment to prepare for trial as was provided for in the earlier court order referred to above. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.