■ Ruth E. Hatch et al., Respondents, v St. Joseph's Hospital, Appellant, et al., Defendant. — Order unanimously reversed, without costs, motion granted and complaint dismissed against defendant St. Joseph's Hospital. Memorandum: Special Term erred in denying defendant hospital's motion to dismiss based upon plaintiff's failure to comply with a demand for a bill of particulars and a conditional preclusion order. Plaintiffs bear a " 'heavy burden of explanation' " for their neglect and are not entitled to relief from the preclusion order absent "exceptional and extraordinary circumstances". (*Suggs v Hrabb,* 91 AD2d 819; *Spencer v Holt,* 86 AD2d 981.) The explanation of counsel that plaintiff Ruth E. Hatch was unable to assist him in the preparation of the bill of particulars because of her mental collapse does not address the reason for the eight-month delay in obtaining the medical records needed to draft this pleading. Plaintiffs have proffered no excuse for the delay in obtaining the records and the record permits no other inference than that the delay was the result of "law office failure" (see *Barasch v Micucci,* 49 NY2d 594). Furthermore, plaintiffs failed to make the required showing of merit of their causes of action (see *Suggs v Hrabb, supra*). The affidavit of plaintiffs' counsel was legally insufficient, and the verified pleadings together with the proposed bill of particulars do not establish the existence of a meritorious claim (see *Tonello v Carborundum Co.,* 91 AD2d 1169). (Appeal from order of Supreme Court, Oswego County, Murphy, J. — dismiss action.) Present — Doerr, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ Frank D. Milone, Respondent, v General Motors Corporation, Appellant, et al., Defendant. (Appeal No. 1.) — Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this negligence, strict products liability and breach of warranty action brought to recover damages for personal injuries sustained when plaintiff's automobile struck another vehicle, defendant General Motors appeals from an order denying its motion to compel plaintiff to answer certain questions asked during an examination before trial. We treat the motion as one to reopen discovery proceedings, the denial of which is appealable (see *Danoff v Richardson-Merrell, Inc.,* 70 AD2d 543). The denial of a motion to reopen has been held to constitute reversible error if it unduly restricts the moving party's right to relevant information (*Polsky v Union Mut. Life Ins. Co. of N. Y.,* 80 AD2d 777). We hold that, contrary to the holding at Special Term, General Motors is entitled to disclosure of the names of "a couple girls" who were passengers in the vehicle in question between the date of its delivery and the date of the accident in February, 1974, the name of the person plaintiff intended to visit on the night of the accident and the name of the "friend" who assisted plaintiff in removing a seat lap belt and a shoulder belt from his car after the accident. (Appeal from order of Supreme Court, Erie County, Broughton, J. — discovery.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ.

■ In the Matter of Ellen Tuohey et al., Appellants, v Robert M. Adams, Respondent. — Order unanimously affirmed, without costs. Memorandum: Family Court properly declined to entertain the petition as beyond its jurisdiction and for this reason alone we affirm. (Appeal from order of Orleans County Family Court, Miles, J. — modification of support order.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ Joseph S. Lazzaro et al., Appellants, v State of New York, Respondent. (Claim No. 63357.) — Order and judgment unanimously affirmed, without costs (see *Lichtman v Nadler,* 74 AD2d 66). (Appeal from order and judgment of Court of Claims, Lowery, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.