THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ROBERT EARL SAWYER, Defendant. — Motion for change of venue granted and indictment removed for trial from the County Court of Chautauqua County to Supreme Court, Erie County. Memorandum: Our reversal of defendant's conviction of two counts of murder in the second degree in Chautauqua County for which he was sentenced on October 30, 1978 for a term of 25 years to life (People v Sawyer, 83 AD2d 205) was affirmed by the Court of Appeals on July 2, 1982 (People v Sawyer, 57 NY2d 12) and he currently awaits his second trial. On this motion for a change of venue of the trial, defendant asserts that the newspaper and media publicity attendant to various aspects of his case has been so extensive and prejudicial that it is impossible to obtain a fair and impartial trial in Chautauqua County which has a limited number of potential jurors. He claims that for a six-year period there has been a constant and unremitting barrage of inflammatory news items and special articles about him appearing in the local daily newspapers and broadcast over the major local radio and television stations in the area and that the atmosphere in Chautauqua County is charged with prejudice against him. This publicity has concerned the nature of the crimes charged, the extradition proceedings which were held, the appointment of trial counsel, defendant's trial conviction and appeal, a civil

rights action instituted by him in Federal court against the Trial Judge and other public officials, defendant's complaint to the New York State Commission on Judicial Conduct against the Trial Judge, defendant's arrest and conviction of an unrelated murder charge in Massachusetts on September 19, 1981, his past criminal history and other related matters. In addition, on this motion, he cites the experience of selecting the jury for the first trial in which almost all the potential jurors had read about the case and almost half of them had formed an opinion about the case. In our view the facts contained in the detailed and extensive record before us demonstrate reasonable cause to believe that a fair and impartial trial cannot be had in Chautauqua County and that the transfer of the trial of the indictment to another county is required. Under the unique circumstances presented here and because of the continuing publicity surrounding this case over a six-year period in a county with a relatively small population, we hold that the application is not premature and that it is unnecessary to await the *voir dire* on the retrial in order to gauge the effect of the prejudice. Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.