■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v CHARLES BRUCE ACOMB, Defendant. — Motion for change of venue granted and indictment removed for trial from the County Court of Livingston County to Supreme Court, Monroe County. Memorandum: In April, 1980 defendant was convicted in Livingston County Court of manslaughter in the first degree. The shooting which is alleged to have caused the death of the victim occurred on November 11, 1978. On appeal, we reversed the judgment of conviction and granted a new trial (People v Acomb, 87 AD2d 1, application for lv to app dsmd 56 NY2d 1034). Thereafter, we denied defendant's motion for a change of venue (CPL 230.20, subd 2). The new trial commenced on April 4, 1983 and during the course of testimony, the witness Nicholas Mark repeated many of the same statements upon which this court had based reversal of defendant's earlier conviction. The trial court granted defendant's motion for a mistrial and defendant again moves before this court for a change of venue. In support of his application, defendant argues that there is reasonable cause to believe that a fair and impartial trial cannot be had in the relatively small, rural county of Livingston. We agree. The record demonstrates that there has been intense localized publicity concerning the circumstances of the homicide, defendant's arrest, trial and conviction, the appeal to this court and the reversal of the conviction, the new trial and the declaration of a mistrial. Although juries twice have been selected albeit with considerable difficulty, it is clear from the record that there is an escalating danger that a fair and impartial jury cannot now be drawn in Livingston County. Among other factors, there appears to be widespread knowledge in that community of defendant's prior conviction and of the subject matter of the highly prejudicial testimony which must be excluded on the new trial. The venue of this indictment should be transferred to another county. Present — Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.