■ JOANNE SARRATORI et al., Respondents, v PYUNG D. PARK, Appellant. — Order unanimously affirmed, with costs. Memorandum: On appeal from an order granting plaintiffs' motion for further examination before trial of defendant, we treat the motion as one to reopen discovery proceedings (see *Milone v General Motors Corp.,* 93 AD2d 999) and we find that Special Term did not abuse its discretion in granting the order. (Appeal from order of Supreme Court, Seneca County, Fritsch, J. — medical malpractice.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.

■ L. MICHAEL MURRAY et al., Appellants, v RICHARD J. YOUNG et al., Respondents. — Order unanimously reversed, with costs, and motion denied. Memorandum: Special Term erroneously granted summary judgment to defendants in this private nuisance action. The issue of whether a use constitutes a private nuisance ordinarily turns on questions of fact, one of which concerns the reasonableness of the use under the circumstances (*Copart Inds. v Consolidated Edison Co.,* 41 NY2d 564; *McCarhy v Natural Carbonic Gas Co.,* 189 NY 40). Here, the record of testimony taken at examinations before trial reveals conflicting testimony as to the reasonableness of defendants' activities and the degree of interference with plaintiffs' use and enjoyment of their land. Thus summary judgment should not have been granted (see *Ugarriza v Schmieder,* 46 NY2d 471; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). The record fails to reveal whether defendants' property is zoned agricultural. Even if it is, however, and defendants' operation of a veal production business is a permissible use, plaintiff is not precluded from bringing this action (see *Sweet v Campbell,* 282 NY 146). Moreover, Special Term erred in finding that defendants' activity is protected under section 1300 of the Public Health Law. By its terms, that section does not apply in the circumstances presented. Finally, there is no merit to defendants' argument that the complaint fails to state the essentials of a cause of action for private nuisance (see *Copart Inds. v Consolidated Edison Co., supra*). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.