■ In the Matter of A. JAMES LA BUE. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Denman, JJ. (Order entered Jan. 25, 1985.)

■ DAVID BYORK et al., Appellants, v MYRON CRAMER et al., Respondents. — (See *Milone v General Motors Corp.,* 93 AD2d 999.) (Order entered Jan. 25, 1985.)

■ THE PEOPLE OF THE STATE OF NEW YORK v OSVALDO PARDO, Defendant. — Motion to change venue granted and indictment removed for trial from Oneida County Court to Supreme Court, Monroe County. Memorandum: Under the particular circumstances presented, including the fact that three jury panels have been exhausted without completing jury selection and the extensive and continuing pretrial publicity surrounding the matter, we conclude that there is reasonable cause to believe that a fair and impartial jury cannot now be drawn in Oneida County. The venue of this indictment should be changed to Monroe County (see *People v Acomb,* 94 AD2d 978; *People v Sawyer,* 94 AD2d 978). Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ. (Order entered Jan. 8, 1985.)

■ THE PEOPLE OF THE STATE OF NEW YORK v ROBIN MURRAY, Defendant. — Motion to change venue of trial of indictment from Onondaga County denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Onondaga County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature (see *People v DiPiazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, app dsmd 35 NY2d 844). Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ. (Order entered Jan. 25, 1985.)