■ In the Matter of the Arbitration between WES-TAL, INC., Appellant, and LAURENS MILLS (DEERING MILLIKEN, INC.,), et al., Respondents. In the Matter of the Arbitration between BURNSTEIN Co., Appellant, and LAURENS MILLS (DEERING MILLIKEN, INC.), et al., Respondents.— Order, entered on or about October 21, 1963, denying petitioners' motion to disqualify the arbitrator and to enjoin him from acting in that capacity, unanimously affirmed, with $20 costs and disbursements to respondents. This determination is without prejudice and without passing upon the right of appellants to interpose any arguments or facts with respect to the effectiveness or validity of the award rendered on default, on the pending motion to confirm the award or on any cross motion to vacate it. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.

■ DANIEL GLICK, Respondent, v. FLICK REALTY CORP. et al., Appellants.— Order, entered on June 28, 1963, denying the motion of the appearing defendants to dismiss the complaint for failure to prosecute, unanimously reversed, on the law, the facts and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motions to dismiss the complaint granted, with $10 costs. The failure of the plaintiff to take any steps in the prosecution of this action for some 29 months after the joinder of issue requires that this action be dismissed unless such delay is satisfactorily explained (Sortino v. Fisher, 20 A D 2d 25; Hardware Mut. Cas. Co. v. Rosenberg, 3 A D 2d 988). Plaintiff's affidavit, offered without a supporting medical affidavit, fails to establish his contention that illness disabled him from communicating the necessary information to his counsel so as to enable the latter to proceed in the action. (See, Smallen v. Sherman Sq. Hotel Corp., 20 A D 2d 527.) It is also to be noted that the affidavit of merits fails to demonstrate the "evidentiary facts * * * in the same manner by which plaintiff expects to prove his case upon a trial" (Sortino v. Fisher, supra, p. 32). The affidavit is at best conclusory and founded principally upon hearsay. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.