■ MEYER CHODIKOFF, Respondent, v. TROY ESTATES, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered July 8, 1970 in Rensselaer County, which denied defendant's motion to dismiss plaintiff's complaint for failure to prosecute, pursuant to CPLR 3216. The action accrued on December 3, 1966 and was commenced by service of a summons and complaint on January 7, 1969. The answer was served on January 17, 1969 on which date appellant also served a demand for a bill of particulars. On January 26, 1970 appellant served a 45-day notice, pursuant to CPLR 3216 (subd. [b], par. [3]). Since there was no compliance with the demand, appellant moved to dismiss the complaint for delay in prosecution returnable on April 17, 1970. Special Term denied the motion by decision dated June 9, 1970, and, on June 25, 1970, appellant made a second motion to dismiss which motion was returnable on July 10, 1970. Special Term again denied the motion to dismiss, and extended respondent's time to file a note of issue to July 10, 1970. Respondent filed a note of issue within the time allowed by the order, but a bill of particulars had not been served. When a party, after demand, fails to file a note of issue within the 45-day period, a motion to dismiss for delay in prosecution should be granted unless said party shows justifiable excuse for the delay

and a good or meritorious action. Even assuming respondent's affidavit in opposition reveals a meritorious cause of action, it fails to reveal a justifiable excuse for delay. The failure to file a note of issue by reason of an alleged secretarial error is insufficient. (*Beermont Corp.* v. *Yager,* 34 A D 2d 589; *Chicollo* v. *New York City Housing Auth.,* 31 A D 2d 546; *Sortino* v. *Fisher,* 20 A D 2d 25.) In addition, the allegation that respondent was prevented by illness from communicating with his attorney, and taking any part in the prosecution in the action, relied upon by Special Term, is equally insufficient. (*Smallen* v. *Sherman Sq. Hotel Corp.,* 20 A D 2d 527; *Gallagher* v. *Gorman Park Gardens,* 193 N. Y. S. 2d 901.) The failure to file a bill of particulars after demand should also be considered by the court. Order reversed, on the law and the facts, and motion to dismiss complaint pursuant to CPLR 3216 granted, without costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.