■ DANIEL McKAY, Respondent, v. SMITHTOWN GENERAL HOSPITAL et al., Defendants, and MAXWELL FOX, Appellant.— In a medical malpractice action to recover damages for personal injuries, defendant Fox appeals from an order of the Supreme Court, Suffolk County, dated June 13, 1972, which (1) denied motions by him and by defendant Plastaras to dismiss the action for failure to prosecute and (2) granted plaintiff's cross motion to permit plaintiff to serve a complaint. Order reversed as to defendant Fox, without costs; said defendant's motion granted; and plaintiff's cross motion denied as to said defendant. In our opinion, plaintiff failed to establish a reasonable excuse for his delay and did not provide the court at Special Term with an affidavit of merits (Keating v. Smith, 20 A D 2d 141; Sortino v. Fisher, 20 A D 2d 25). Further, where a defendant rejects what he considers to be an untimely service of the complaint, the service of the complaint alone will not render the motion to dismiss the action academic (Gerson v. Finkelstein, 29 A D 2d 552). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ JOSEPH PURTA, Individually and as Executor of STANLEY ZYGMUNT, Deceased, et al., Appellants, v. LEOKADIA CISZ, Respondent.— In an action, inter alia, to declare a deed made by plaintiffs' testator to be a forgery, plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Orange County, entered October 3, 1972, as granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a]) and (2) from an order of the same court, dated November 10, 1972, which denied plaintiffs' motion for reargument. Order entered October 3, 1972, reversed insofar as appealed from; motion to dismiss the complaint is hereby treated as one for summary judgment and is remitted to the Special Term for an immediate trial pursuant to CPLR 3211 (subd. [c]). Appeal from order dated November 10, 1972 dismissed. No appeal lies from an order which denies reargument of a motion. A single bill of $20 costs and disbursements, to cover both appeals, is awarded to the successful party or parties on the trial herein directed. Defendant's motion to dismiss the complaint was made on the ground of a release (CPLR 3211, subd. [a], par. 5). Special Term erred in its grant of the motion. Release is not the issue. The real question is whether the release was obtained by means of fraud. Defendant's motion cannot be granted since there is a factual issue as to whether the release was obtained by means of fraud (Scheer v. Long Is. R. R. Co., 282 App. Div. 724; Bruce v. Berroco, Inc., 35 Misc 2d 669; see, also, Fleming v. Ponziani, 24 N Y 2d 105, 111; Mangini v. McClurg, 24 N Y 2d 556, 563). This is a proper case for the application of CPLR 3211 (subd. [c]). The motion should have been treated as one for summary judgment, with an immediate trial of the issues raised. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.