■ PATRICIA A. SANDOMENICO et al., Respondents, v TOWN OF NORTH HEMPSTEAD, Appellant, and BRIAN OERTER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the defendant Town of North Hempstead appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated December 22, 1975, and made after a jury trial on the issue of liability only, which is in favor (a) of plaintiff against it and (b) of defendants Oerter against plaintiffs and it. Interlocutory judgment affirmed, with one bill of costs jointly to respondents appearing separately and filing separate briefs. The jury verdict to the effect that the absence of the stop sign was the proximate cause of the accident was not against the weight of the evidence. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ RINA SCHWARTZ, Appellant, v SAMUEL R. SCHWARTZ, Respondent.— In an action in which the plaintiff wife was awarded a divorce by a judgment of the Supreme Court, Nassau County, entered July 9, 1975, she appeals from so much of the said judgment as awarded her a counsel fee of only $15,000, said award to be inclusive of disbursements. Judgment modified, on the facts, by (1) deleting from the eighth decretal paragraph thereof the amount "$15,000.00/xx" and substituting therefor the amount "$20,000" and (2) adding to the said paragraph a provision directing the plaintiff's attorneys to reimburse her to the extent of $3,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our view, the counsel fee awarded was inadequate to the extent indicated herein. The record indicates that, prior to the trial, plaintiff paid her counsel a retainer fee of $6,000. Plaintiff obtained this sum from a joint savings account in the names of herself and her husband. It was agreed between plaintiff and her counsel that she would be reimbursed from any counsel fee awarded by the court, up to $6,000. However, since all of the $6,000 advanced to the attorney came from the joint savings account, she is only entitled to reimbursement of one half thereof, i.e., $3,000. Defendant may, therefore, credit $3,000 toward the total award of counsel fees. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ ROSE P. SKEDEL et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and LOUIS WALDMAN, JR., INC., Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant Louis Waldman, Jr., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated March 4, 1975, as, upon granting its motion to dismiss the complaint for want of prosecution, did so conditionally. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted unconditionally. The motion to dismiss the complaint pursuant to CPLR 3216 should have been granted unconditionally (McKay v Smithtown Gen. Hosp., 42 AD2d 594; Chodikoff v Troy Estates, 37 AD2d 670). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.