■ JOHN A. KEEFFE et al., Doing Business as KEEFFE & COSTIKYAN, Appellants, v ERIC S. EMORY et al., Respondents.—Order of the Supreme Court, New York County, entered March 28, 1977, denying plaintiffs' motion to vacate default judgment entered March 4, 1977 and which dismissed plaintiffs' complaint with prejudice because of plaintiffs' failure to appear at a pretrial conference, unanimously modified, on the facts and in the exercise of discretion, without costs or disbursements, to the extent of granting the motion on condition that plaintiffs pay defendants the total sum of $500 within 20 days after service of a copy of the order entered hereon with notice of entry, and, as so modified, the order is affirmed. If the condition is

not met, the order of March 28, 1977 is unanimously affirmed, with $40 costs and disbursements of this appeal to respondents. Plaintiffs assert that their failure to appear at the pretrial conference was excusable in view of the closing of their New York office and the assumption of responsibility for the few remaining legal matters in New York by a law firm in Washington, D. C., with whom they were associated—a change-over which prevented constant attention to all aspects of such matters. Plaintiffs maintain that "there must be thousands of documents" to support their complaint. This assertion is a far cry from the evidentiary showing of a meritorious claim which is required (Investment Corp. of Philadelphia v Spector, 12 AD2d 911; CPLR 5015). Yet, despite the fact that plaintiffs' suit is not predicated upon a written contract, defendants' concession that they paid plaintiffs approximately $242,000 for legal services (although they now claim this was an overpayment) affords some credence to plaintiffs' claim. We will not say that in denying plaintiffs' motion to vacate the default, the court below abused its discretion. Nevertheless, unanswered questions regarding the alleged agreement for legal services between the parties suggest the possibility of merit to the action. Nor can we say that in the circumstances of this default defendants have been overly prejudiced, as plaintiffs moved without delay, within two weeks after default, to reopen the matter. The condition we impose should redress any inconvenience defendants may have suffered. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.