■ MILTON MOUND, Respondent, v MARTHA V. BARTOS et al., Defendants, and HARRY BUCHMAN, Appellant. SIDNEY A. VOICE, Defendant and Third-Party Plaintiff, v HARRY BUCHMAN et al., Third-party Defendants.— Order, Supreme Court, New York County, entered September 17, 1976, denying defendant Harry Buchman's motion for an order dismissing the action as to him because of plaintiff's failure to prosecute, unanimously reversed, on the law, the motion granted and the action severed as to him. Appellant shall recover of respondent $60 costs and disbursements of this appeal. CPLR 3216 (subd [e]) provides that "In the event that the party upon whom is served the demand specified in subdivision (b) (3) of this rule fails to serve and file a note of issue within such forty-five day period, the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action." In February, 1975, defendant Buchman demanded service and filing of a note of issue by plaintiff (an attorney) within 45 days after service of the demand pursuant to CPLR 3216. Plaintiff did not file his note of issue until December, 1975. Special Term referred the factual issue of whether said defendant's 45-day notice was received by plaintiff to a Special Referee who found that such notice had, in fact, been received by plaintiff. The report of the Referee was confirmed. Special Term did not make new

findings or direct a new hearing, but in effect adopted the findings of the Referee. Dismissal pursuant to CPLR 3216 would have the same effect as a dismissal on the merits because the Statute of Limitations would now bar reinstitution of plaintiff's action against this defendant. Viewing this as sufficient prejudice to justify refusal to dismiss, Special Term denied defendant Buchman's motion to dismiss pursuant to CPLR 3216. We do not agree. The mere fact "That the Statute of Limitations may have run is a double edged consideration. While it may be helpful sometimes in discounting delays, more often the running of the statute will re-inforce the view that the action should be dismissed" (Sortino v Fisher, 20 AD2d 25, 30). Plaintiff is charged by statute with presenting a justifiable excuse for the delay. It having been established that the 45-day notice was received, plaintiff's explanation that the notice was not transmitted to him, i.e., it was not brought to his attention, does not advance a legally sufficient excuse for his failure to file the note of issue (see Chodikoff v Troy Estates, 37 AD2d 670; Beermont Corp. v Yager, 34 AD2d 589; Sortino v Fisher, supra). Accordingly, it is concluded that defendant Buchman's motion to dismiss the complaint as to him be granted. Concur—Kupferman, J. P., Lupiano, Evans and Markewich, JJ.