■ JOSEPH TINKLEMAN et al., Respondents, v HUDSON VALLEY WINERY, Appellant. — In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County, dated July 17, 1980, which, *inter alia,* granted the plaintiffs' motion to strike its answer for failure to appear for an examination before trial. Order reversed, without costs or disbursements, and motion denied on condition that defendant (1) submits to an examination before trial and (2) pays $750 to plaintiffs' attorney, and $750 to plaintiff Joseph Tinkleman. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree. Defendant shall pay the aforesaid sums within 10 days after service upon it of a copy of the order to be made hereon, with notice of entry. In the event the conditions are not complied with, then order affirmed, with $50 costs and disbursements. In the absence of clear proof that the defendant's default was willful, it should have been accorded one additional opportunity to redeem itself and submit to an examination before trial (see *Cinelli v Radcliffe,* 35 AD2d 829). Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.

■ VICKI WALSH, Respondent, v MICHAEL WALSH, Appellant. — In a custody proceeding, the father appeals from an order of the Family Court, Suffolk County, dated January 12, 1981, which denied, without a hearing, his motion to dismiss the proceeding pursuant to the Uniform Child Custody Jurisdiction Act. Leave to appeal is hereby granted. Matter remitted to the Family Court to hear and report on the following matters: (1) whether the courts of this State have jurisdiction to make a custody determination pursuant to section 75-d of the Domestic Relations Law, and (2) if the courts of this State do have jurisdiction, whether such jurisdiction should be declined on the basis of *forum non conveniens* (see Domestic Relations Law, § 75-h) or on the basis of the mother's conduct pursuant to the "unclean hands" provision of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-i, subd 1). The appeal is held in abeyance in the interim and the Family Court is directed to file its report with all convenient speed (see *People ex rel. Bruzzese v Bruzzese,* 70 AD2d 957). The record is insufficient to determine the issues before this court and the Family Court has denied the motion to dismiss the custody proceeding without indicating the basis for its determination to allow the proceeding to continue in this State when California was the child's home State at its commencement (Domestic Relations Law, § 75-c, subd 5). To assure that jurisdiction will be exercised by the more appropriate forum, the Family Court should communicate with the California courts and exchange information pertinent to the assumption of jurisdiction by either court (Domestic Relations Law, § 75-h, subd 4; *Singer v Singer,* 79 AD2d 680). Hopkins, J. P., Damiani, Mangano and O'Connor, JJ., concur.