■ LAWRENCE J. CATON et al., Respondents, v SCHENECTADY GAZETTE et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered May 8, 1980 in Saratoga County, which denied defendants' motion, pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve a complaint and granted plaintiffs an additional 30 days in which to serve a complaint. In this action to recover damages for defaming a public figure, the summons with notice was served January 28, 1980, one day before the Statute of Limitations was to expire. Defendants served a notice of appearance and demand for complaint on February 14, 1980. When none was forthcoming, defendants, by notice of motion dated March 27, 1980 and made returnable April 24, 1980, moved to dismiss the action, pursuant to CPLR 3012 (subd [b]). To avoid dismissal of their action, it was necessary for plaintiffs to demonstrate a reasonable excuse for the delay and also show their claim has legal merit *(Barasch v Micucci*, 49 NY2d 594). Although the delay is comparatively short, the excuses are insubstantial. That plaintiffs temporarily resided in Florida and close communication with counsel in New York was thereby impaired is an unacceptable excuse. So is the fact that Lawrence Caton's ill health may have caused plaintiffs to be indecisive about pressing this action, particularly in the absence of any supporting medical affidavit *(Glick v Flick Realty Corp.*, 20 AD2d 876; see *Chodikoff v Troy Estates*, 37 AD2d 670). Plaintiffs' further claim that the newspaper articles, correspondence and legal documents involved were so voluminous that there was insufficient time for counsel, after being advised to go forward with the action, to draft a proper complaint is an equally unavailing excuse, for it comes within the rubric of law office failures and cannot serve as a basis for defeating a motion such as this *(Groat v Robinson*, 79 AD2d 1081). An even

more compelling reason for granting defendants' motion is the affidavit which plaintiffs offered to establish the merits of their claim. It is conclusory in nature, made by one who does not have personal knowledge and in which there is no evidentiary showing of any facts which would establish a meritorious claim; hence it is fatally defective *(Frenia v Patno,* 25 AD2d 591). Order reversed, on the law and the facts, without costs, and motion by defendants to dismiss action granted. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.