■ CHLOE PREMO, Respondent, v DONALD CORNELL et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered April 1, 1981 in Franklin County, which denied defendants' motion, made pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve a complaint and granted plaintiff an additional 20 days in which to do so. The motor vehicle accident giving rise to this personal injury action occurred on March 16, 1976. About a week before the Statute of Limitations was to expire, a summons, which defendants believed failed to comply with CPLR 305 (subd [b]), was served. Their motion to have the action dismissed on that ground was denied and that denial was affirmed *(Premo v Cornell,* 71 AD2d 223). A copy of this court's order entered thereon was served on defendants' counsel on March 10, 1980. In the interim, while that appeal was pending, an amended summons had been served and defendants had appeared and demanded a complaint, the service of which, by consent of counsel, was to be held in abeyance until disposition of the afore-mentioned appeal. By motion made returnable on March 25, 1981, more than one year after service of this court's order, defendants again sought to have the action dismissed, this time because of plaintiff's failure to serve her complaint. That plaintiff has a meritorious action is unchallenged. The delay here, however, is substantial and the excuse advanced for that delay, namely, that prompt prosecution of this action was inhibited because of injuries plaintiff suffered and medical treatment she was required to undergo as a result of being the victim of an intervening criminal assault, is not adequately documented. Absent a medical affidavit substantiating that plaintiff's injuries and indisposition effectively prevented her from timely pressing this action, it must be dismissed *(Caton v Schenectady Gazette,* 82 AD2d 949; *Glick v Flick Realty Corp.,* 20 AD2d 876; see *Chodikoff v Troy Estates,* 37 AD2d 670). Order reversed, on the law and the facts, without costs, and motion by defendants to dismiss action granted. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). Failure to include a medical affidavit supporting plaintiff's excuse for delay should not, in these unusual circumstances, form the basis for granting a motion to dismiss under CPLR 3012 (subd [b]). The effect of such a decision is to determine as a matter of law that Special Term abused its discretion, which, in my view, does not comport with the requirements for such a finding recently enunciated by the Court of Appeals in *Barasch v Micucci* (49 NY2d 594). Plaintiff's claim is meritorious, so the first branch of the two-prong showing necessary to defeat a CPLR 3012 (subd [b]) motion as set forth in *Barasch* is satisfied. Consideration must then be given to whether the excuse for delay "may be roughly categorized under the heading of 'law office fail-

ures'" *(Barasch v Micucci, supra,* p 599). In this case, the granting of relief to plaintiff by Special Term was hardly "on the basis of plainly impermissible considerations" (p 600). After the accident giving rise to this lawsuit, plaintiff was viciously attacked and robbed on the streets of Malone, New York, by an unknown assailant who, in the course of the robbery, threw a substance containing lye in plaintiff's face and eyes resulting in facial burns, scarring and blindness in both eyes. Necessary hospitalization and medical attention is set forth in her attorney's affidavit and it seems unnecessary to me to require any "medical" recitation of the limiting, disfiguring and disabling consequences of such a horrible experience. Reading *Barasch* as I do, the legal requirements for the reversal of an exercise of discretion are not present. Moreover, the authorities cited by the majority relate either to motions under CPLR 3216, where entirely different procedural requirements and policy considerations are present, or to cases lacking the requisite finding of merit. I would affirm.