■ PLAINVIEW ASSOCIATES et al., Respondents, v MICONICS INDUSTRIES, INC., Appellant, et al., Defendant. — In an action to recover damages for breach of a lease agreement, defendant Miconics Industries, Inc., appeals from two orders of the Supreme Court, Nassau County (Kelly, J.), dated March 1, 1982 and April 13, 1982, which, respectively, (1) granted plaintiffs' motion to strike the answer and (2) denied their motion to renew, reconsider and reargue. Order dated March 1, 1982, modified, as a matter of discretion, by adding thereto, after the provision granting plaintiffs' motion to strike, the following: "unless defendant Miconics Industries pays the plaintiffs the sum of $750 and appears for a deposition". As so modified, order affirmed. Defendant Miconics Industries shall pay the $750 within 10 days after service upon it of a copy of the order to be made hereon, with notice of entry thereof. If the condition of payment is met, defendant Miconics Industries is directed to appear at an examination before trial at the place designated in the order dated December 7, 1981, at a time to be fixed in a written notice of not less than 10 days, to be given by the plaintiffs, or at such other time and place as the parties may agree. In the event the conditions are not complied with, then the order dated March 1, 1982 is affirmed. The appeal from the order dated April 13, 1982 is dismissed as academic. Plaintiffs are awarded one bill of $50 costs and disbursements to cover both appeals. These appeals arise out of the granting of plaintiffs' motion to strike appellant's answer for failure to appear at a court-ordered examination before trial. After service of the amended complaint and answer, a notice and cross notice to take depositions were exchanged between the parties. The depositions were adjourned on two occasions allegedly at appellant's request and with plaintiffs' consent. Thereafter, appellant requested a further adjournment which plaintiffs refused to grant. Instead, plaintiffs procured an order directing appellant to appear for an examination before trial on January 27, 1982. Appellant's attorney notified plaintiffs five days before the scheduled deposition that the proposed deponent had inadvertently scheduled a business appointment for the date of the deposition and would be unavailable. Plaintiffs would not agree to an adjournment. On the date set, appellant did not appear and plaintiffs moved to strike its answer pursuant to CPLR 3126. Special Term granted the motion. CPLR 3126 requires a showing that the party's failure to disclose was willful and contumacious (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B,

CPLR C3126:7, p 646). Under the circumstances disclosed by this record, it does not appear that appellant's conduct was willful and contumacious and, thus, the drastic sanction of striking its answer is not warranted (see *Tinkelman v Hudson Val. Winery*, 80 AD2d 894; *Cinelli v Radcliffe*, 35 AD2d 829). O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.