■ MICHAEL TAYLOR et al., Appellants, v PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY et al., Respondents, et al., Defendant. — Appeal from an order and judgment of the Supreme Court at Special Term (Harvey, J.), entered September 24, 1982 in Schenectady County, which granted a motion by defendants Prudential Property and Casualty Insurance Company and Prudential Insurance Company of America for summary judgment dismissing the complaint. Plaintiffs contend that Special Term erred in refusing

to excuse their default arising out of their failure to comply with a conditional order of preclusion previously entered when they failed to respond to defendants' demand for a bill of particulars. Plaintiffs assert that defense counsel granted them an indefinite extension of time to serve their bill of particulars while settlement negotiations occurred. We note, however, that this alleged extension occurred after the time limit in the conditional order of preclusion had passed. Moreover, the agreement to extend the time was never reduced to writing (see CPLR 2104; *Kahn v Friedlander,* 90 AD2d 868). Nor did plaintiffs seek a court order granting an extension of time (see CPLR 2004). Moreover, plaintiffs did not submit an affidavit based upon personal knowledge of the relevant facts establishing the existence of a meritorious cause of action. To warrant the court's exercise of its discretionary power to vacate, the defaulting party must present an acceptable excuse for the default and demonstrate merit to his claim (*Suggs v Hrabb,* 91 AD2d 819, 820). Also, in seeking to vacate an order of preclusion, the defaulting party must show " ' "extraordinary and exceptional circumstances" ' " (*Jones v Bryce,* 76 AD2d 966, 967). Plaintiffs' papers fall far short of meeting this heavy burden. Accordingly, we find no abuse of discretion in Special Term's refusal to vacate the order of preclusion and, since that order precludes plaintiffs from submitting the proof necessary to establish their claim, defendants' motion for summary judgment was properly granted. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.