■ MARY ECHEVARRIETA, Respondent-Appellant, v JAMES MIGOYA et al., Appellants-Respondents. — In an action to recover damages for the fraudulent inducement of the sale of plaintiff's shares of a corporation, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated January 21, 1983, as denied their motion for an order dismissing the complaint for want of prosecution. Plaintiff cross-appeals from so much of the same order as granted a motion by defendants for an order pursuant to CPLR 3103, to the extent of vacating certain portions of plaintiff's notice to produce. Order modified by deleting therefrom the paragraph beginning with the words "The motion" and ending with the words "CPLR § 3120", and substituting therefor the following: "The motion of the defendants seeking an order pursuant to CPLR 3103 vacating the notice for discovery and inspection dated November 9, 1982, is granted to the extent of vacating item number 9, so much of item number 10 as seeks production of stock certificate stubs, stock certificates and the stock ledger of the defendant corporation for years other than 1976 through 1979, and item number 11. In all other respects said motion is denied." As so modified, order affirmed, without costs or disbursements. Although the court in which an action is pending possesses wide discretion in supervising disclosure (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406), Special Term abused that discretion in the instant matter by unduly restricting plaintiff's discovery efforts. CPLR 3101 (subd [a]) provides for full disclosure of all evidence which is material and necessary to the prosecution and defense of an action. That provision has been given a liberal construction, with the test for disclosure defined as "one of usefulness and reason" (*Allen v Crowell-Collier Pub. Co., supra,* p 406). Plaintiff should be permitted discovery of all documents other than those specified above. Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.

■ JOSEPH EVERIN, Appellant, v GREYHOUND ELEVATOR CORPORATION, Respondent. (And a Third-Party Action.) — In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County (Burchell, J.), entered November 10, 1982, which granted defendant's motion for reargument of a prior order of the same court, entered June 17, 1982, granting his motion to strike defendant's answer, and thereupon vacated the prior order and denied his motion to strike defendant's answer upon condition that the defendant appear for an examination before trial on a specified date. Order modified, as a matter of discretion, by adding thereto a provision that the order entered June 17, 1982 be vacated upon the additional condition that defendant's attorneys personally pay plaintiff the sum of $500. As so modified, order affirmed, with costs to plaintiff. Defendant's time to comply with the condition requiring his attorneys to pay $500 is extended until 10 days after service upon it of a copy of the order to be made hereon, with notice of entry. Under the circumstances disclosed by this record, it does not appear that defendant's default was willful and, therefore, Special Term properly accorded defendant one additional opportunity to redeem itself and submit to an examination before trial. Nonetheless, an appropriate monetary sanction should have been imposed (see *Plainview Assoc. v Miconics Inds.*, 90 AD2d 825; *Tinkelman v Hudson Val. Winery,* 80 AD2d 894; *Cinelli v Radcliffe,* 35 AD2d 829). Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.