■ JOSEPH DE VITO, Respondent, v MARINE MIDLAND BANK, N. A., Appellant. — In an action, *inter alia,* to recover damages for tortious interference with contract rights, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Leggett, J.), entered September 21, 1982, as denied its motion to dismiss the action for failure to timely serve a complaint, extended plaintiff's time to serve the complaint to 10 days after service upon plaintiff's attorney of a copy of the order appealed from with notice of entry, and granted plaintiff's cross motion to compel defendant to

accept service of the complaint. ¶ Order reversed insofar as appealed from, as a matter of discretion, with costs, defendant's motion to dismiss granted, and plaintiff's cross motion denied. ¶ This action was commenced by service of a summons with notice on or about March 19, 1982. Defendant appeared in the action on March 30, 1982 by serving a notice of appearance and demand for complaint. Plaintiff was therefore required to serve a complaint by April 19, 1982, 20 days after service of the demand (CPLR 3012, subd [b]). In fact, the complaint was not served until August 20, 1982, 123 days after it was due. ¶ Defendant rejected service of the complaint as untimely and moved, pursuant to CPLR 3012 (subd [b]), to dismiss the action. Plaintiff then cross-moved for an order compelling defendant to accept service of the complaint. In his moving papers, plaintiff's attorney attributed the four-month delay to: (1) the complexity of the legal and factual issues to be considered in drafting the complaint; (2) plaintiff's thoughts of discontinuing the action had he been able to save his business, which he was then diligently attempting to do; and (3) plaintiff's absence from the State for a cumulative total of approximately six weeks during May, June and July, 1982, which prevented him from consulting with his attorney regarding the drafting of the complaint. In addition, plaintiff's attorney contended that the delay had been caused in part by confusion as to the identity of defendant's attorney of record: while the notice of appearance had been served on March 30, 1982 by John Nagurney, of Buffalo, plaintiff's attorney was notified in late July that the firm of Mann & Mann, P.C., of Nyack, was representing defendant. ¶ Based on the foregoing, Special Term concluded that plaintiff had established a reasonable excuse for the delay. We disagree. ¶ It is now well settled that in order to avoid dismissal for failure timely to serve a complaint, plaintiff must demonstrate a reasonable excuse for the delay and that the claim against defendant has legal merit (*Barasch v Micucci,* 49 NY2d 594, 599). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court. Previously, it had been held to be an abuse of discretion as a matter of law to excuse a default on the basis of law office failure, and therefore, such failure could not serve as the basis for defeating a motion to dismiss under CPLR 3012 (subd [b]) (*Barasch v Micucci, supra,* p 599; see, also, *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900, 902). However, the Legislature has recently enacted CPLR 2005 (L 1983, ch 318, § 1), which provides that the court shall not, as a matter of law, be precluded from exercising its discretion to excuse delay or default resulting from law office failure. While the trial courts now have discretion to excuse delay resulting from law office failure in appropriate cases, it was not the intent of the new legislation to routinely excuse defaults or to foster a return to the pre-*Barasch* era of noncompliance with the time requirements of the CPLR (*Schicchi v Green Constr. Corp.,* 100 AD2d 509; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711; *De Leo v Bertucci,* 98 AD2d 708; *Tehan v Tehan,* 97 AD2d 840). We conclude that on the facts presented herein, it was an improvident exercise of discretion to have excused plaintiff's delay in serving the complaint. ¶ The explanations that were offered by plaintiff's attorney to excuse the default in this case amounted to nothing more than inexcusable neglect. While the complexity of the facts underlying plaintiff's claim may be considered in determining a motion pursuant to CPLR 3012 (subd [b]) (*Barasch v Micucci, supra,* pp 599-600), the attorney's conclusory assertion in this case that the drafting of a proper complaint was impeded by the existence of complex legal and factual issues is unsupported by the record. There was no showing of what investigation, if any, plaintiff's attorney was required to undertake in order to draft the complaint, and the final product was but seven pages in length, setting forth six causes of action in straightforward and perfunctory fashion. We therefore conclude that the excuse of

complexity proffered in this case did not afford a reasonable excuse for defeating the motion to dismiss (*Caton v Schenectady Gazette,* 82 AD2d 949; see, also, *Stewart v State Farm Mut. Auto Ins. Co.,* 71 AD2d 705). Similarly, the assertion that plaintiff was intermittently out of the State during the period in question, preventing him from consulting with his attorney does not excuse the delay (*Caton v Schenectady Gazette, supra*). This is particularly true since the complaint was due on April 19, 1982 and plaintiff did not leave the State until sometime during May of that year. The assertion that plaintiff had contemplated discontinuing the action in the event he had been able to save his business is also unpersuasive (*Caton v Schenectady Gazette, supra*). Finally, plaintiff's attorney's claim of confusion regarding the identity of defendant's attorney of record is unavailing. A notice of appearance was served with the demand for a complaint by John Nagurney, on March 30, 1982, and the complaint was therefore due within 20 days thereafter (CPLR 3012, subd [b]). By his own admission, plaintiff's attorney did not learn that defendant was represented by other counsel until late July, 1982, at which time plaintiff was already three months in default. ¶ Under the totality of the circumstances presented in this case, including plaintiff's inordinate delay in serving the complaint and the lack of a reasonable excuse, it was an improvident exercise of discretion to deny defendant's motion to dismiss. We note that at no time did plaintiff move for an extension of time to serve the complaint, nor did he ever seek to do so by written stipulation (CPLR 2104; see *Eaton v Equitable Life Assur. Soc., supra,* p 903). ¶ In view of our determination, we need not address the question of whether plaintiff established the existence of a meritorious claim against defendant. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.