# SECOND DEPARTMENT, APRIL, 1984

## (April 2, 1984)

■ FRANCES BATTAGLIA et al., Respondents, v ARLENE HOFMEISTER, Appellant. — In a negligence action to recover damages for personal injuries etc., defendant appeals (1) from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 26, 1983, which, *inter alia,* granted plaintiffs' motion, *inter alia,* to strike defendant's answer to the extent that defendant was held in default, and (2) as limited by her brief, from so much of an order of the same court, dated June 23, 1983, as, upon renewal, adhered to the original determination. ¶ Appeal from the order dated April 26, 1983 dismissed, without costs or disbursements. That order was superseded by the order dated June 23, 1983. ¶ Order dated June 23, 1983 reversed, insofar as appealed from, without costs or disbursements, and upon renewal, order dated April 26, 1983 vacated, plaintiffs' motion denied, and defendant is relieved from the consequences of her failure to appear at a court-ordered examination before trial on condition (1) that defendant submit to an examination before trial to be held at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree, and (2) that defendant's attorney personally pay $200 to plaintiffs' attorney and $200 to plaintiffs personally. Defendant's attorney shall pay the aforesaid sums within 10 days after service upon him of a copy of the order to be made hereon, with notice of entry; in the event that these conditions are not complied with, the order dated June 23, 1983 is affirmed, insofar as appealed from, without costs or disbursements. ¶ A court-ordered examination before trial of defendant, scheduled for January 4, 1983, failed to be held because defendant's lawyer was apparently engaged in a trial. Plaintiffs then moved to strike defendant's answer, pursuant to CPLR 3126. The motion was denied in an order dated January 27, 1983 (Cohalan, J.), on condition, among other things, that defendant submit to an examination before trial to be held on March 10, 1983. When defendant did not appear on March 10, 1983, plaintiffs again moved to strike defendant's answer pursuant to CPLR 3126. This motion was opposed, with an affidavit from defendant and an affirmation from her attorney, on the grounds that on March 7, 1983, defendant was admitted as an

emergency patient at Good Samaritan Hospital, with a diagnosis of " 'uncontrollable diabetes' ". She was released on March 15, 1983, and it was not until March 17, 1983 that her lawyer learned what had happened. Defendant averred that her condition prevented her from informing her attorney of her whereabouts. ¶ In an order dated April 26, 1983, Special Term (McCarthy, J.), granted plaintiffs' motion "to the extent that, the defendant's answer having previously been stricken and the conditions not having been met, [defendant] is in default". The court directed that an assessment of damages be held. In its short-form order, the court explained that the answer had already been stricken pursuant to the order of January 27, and that defendant's remedy was to "move to vacate such default". Since she had not so moved and because, while she had proffered an excuse, she had not demonstrated a meritorious defense, the motion had to be granted to the extent indicated. ¶ Defendant then moved to reargue and, in effect, to renew, asking that the court, among other things, vacate the order of April 26, 1983, and "defendant's default upon which the Order was based". In support of the motion, defendant submitted a stipulation entered into on March 10, 1983, which, according to defendant, indicated that plaintiffs agreed not to penalize her for her failure to appear on that date. She also submitted documentation indicating that the action arose out of a two-car accident which occurred at an intersection. Included was a portion of an examination before trial of plaintiff Frances Battaglia, in which it was acknowledged that there was a stop sign at the intersection controlling the traffic going in the direction of the Battaglia vehicle, while there were no traffic control devices for travel on the road on which defendant had been traveling. ¶ In its order of June 23, 1983, Special Term denied reargument but granted renewal because of the stipulation presented to it. There is no indication that the court considered the evidence proffered by defendant relevant to her defense. Not agreeing with defendant as to her interpretation of the stipulation, Special Term adhered to its original determination. ¶ We agree with the view of Special Term that, by dint of the conditional order of January 27, defendant's answer should have been deemed struck when she failed to appear at the examination before trial on March 10, 1983. At that point, plaintiffs, rather than moving again to strike defendant's answer pursuant to CPLR 3126, should have moved for leave to enter a default judgment under CPLR 3215 (*Reynolds Securities v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:10, p 653). Defendant should have moved or cross-moved for an extension of time to appear for an examination before trial because of her incapacity (CPLR 2004), or, if a default judgment were granted plaintiffs, defendant should have moved to vacate the default (CPLR 5015, subd [a], par 1). ¶ CPLR 3126 provides for various possible penalties to be levied against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed, pursuant to notice". This provision has consistently been read as meaning that a pleading will not be struck as a penalty for failure to comply with disclosure, unless it has been shown that the failure was deliberate or contumacious (see, e.g., *Everin v Greyhound Elevator Corp.*, 97 AD2d 832; *Citizen Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.*, 92 AD2d 907; *Plainview Assoc. v Miconics Inds.*, 90 AD2d 825; *Cinelli v Radcliffe*, 35 AD2d 829; *County Trust Co. v Fernandes*, 31 AD2d 744). One will look in vain through the statute itself or at the cases interpreting it for any additional requirement that a party opposing a motion under CPLR 3126 must show that he has meritorious claim or defense in order to survive the motion, once it appears that the failure of discovery was not deliberate and contumacious. If entitlement to relief is not shown by the movant, the objectant has no obligation to bare his case to his

opponent (cf. *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 556 [Meyer, J., dissenting]; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Income Prop. Consultants v Lumat Realty Corp.,* 88 AD2d 582; *Stelick v Gangl,* 47 AD2d 789; *Brown v Weissberg,* 22 AD2d 282, 283-284; *Montondo v Petty,* 21 AD2d 975). Of course, the rule is different after an order is entered striking a pleading for a failure to proceed with discovery. Then, as is generally the case with defaults, a motion to vacate such an order and permission to proceed with discovery will not be granted absent a showing of a reasonable excuse and a meritorious claim or defense (*Yankee Leather Goods Co. v Sobel Sales Assoc.,* 54 Misc 2d 358; see *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711; *Weber v Victory Mem. Hosp.,* 98 AD2d 719; *Shaw v Shaw,* 97 AD2d 403; *Jonard Inds. Corp. v Jerico Precision Mfg. Corp.,* 87 AD2d 810). ¶ Because the striking of defendant's answer pursuant to CPLR 3126 rather than leave to enter a default judgment under CPLR 3215 was the relief requested in plaintiffs' notice of motion, it is not surprising that defendant only proffered an excuse for her nonappearance and did not treat the question of a meritorious defense (see *Rich v Lefkovits,* 56 NY2d 276; *Pace v Perk,* 81 AD2d 444, 456). As stated above, an objectant to a motion to strike, brought pursuant to CPLR 3126, need not show a meritorious defense or cause of action. Nonetheless, on her motion to renew, defendant did show that she has a colorable defense, in that plaintiff driver's own admissions suggest at least the possibility that the accident was caused, in part, by either a failure to stop at a stop sign or a failure to yield. While the documentation submitted on renewal cannot be considered newly discovered, it still can be considered in circumstances such as are present here, where the failure to present the documentation on the initial motion was apparently caused by plaintiffs bringing their motion under the wrong section and requesting relief which had already been accorded them (see *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865; cf. *Suggs v Hrabb,* 91 AD2d 819). Further, the documentation itself being sufficient to show the possibility of a meritorious defense, an affidavit of merit was unnecessary (see *Federal Deposit Ins. Corp. v Kassel,* 72 AD2d 787; *Keeffe v Emory,* 59 AD2d 856). Nor do we consider the absence of a medical affidavit fatal to defendant's claim of incapacity and hospitalization, since she did provide a detailed affidavit of her own, and plaintiffs failed at Special Term to question the authenticity of her excuse (cf. *Premo v Cornell,* 83 AD2d 981, affd 55 NY2d 962; *Glick v Flick Realty Corp.,* 20 AD2d 876). We conclude that defendant has proffered both a reasonable excuse and a meritorious defense, and, accordingly, she may be relieved from the consequences of failing to abide by the conditional order of January 27, 1983, and her answer should be reinstated provided that she appear for the examination before trial to be held in accordance herewith. The same result would have been reached were we to consider the renewal motion as a motion for an extension of time or as a motion to vacate a default. ¶ We have also determined that a sanction against defendant's attorney is appropriate by reason of his repeated failure to move or to cross-move for extensions of time with respect to the scheduled examinations before trial (see *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407). Since neither of the defaults in appearance was in any way the fault of defendant herself, we do not consider it appropriate to levy a penalty against her. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.