■ Pearl Grundman et al., Respondents, v Long Island Neurosurgical Associates et al., Appellants. — In a medical malpractice action, defendants appeal from an order of the Supreme Court, Queens County (Giaccio, J.), dated October 5, 1983, which, after a hearing, vacated a prior order of dismissal, and reinstated the complaint.

Order affirmed, without costs or disbursements, on condition that plaintiffs' attorney personally pays to defendants the total sum of $1,000 within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, then order reversed, with costs, and plaintiffs' motion to vacate the order of dismissal dated February 3, 1983, denied.

Under the circumstances herein, we find that Special Term did not abuse its discretion in granting plaintiffs' motion to vacate an order, dated February 3, 1983, which dismissed the action for failure of the injured plaintiff to appear for a court-ordered physical examination (cf. *Battaglia v Hofmeister,* 100 AD2d 833; *Keeffe v Emory,* 59 AD2d 856). However, we have imposed the above sanction due to the dilatory actions of plaintiffs' attorney. Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.