■ DAVID HOTALING, Respondent, v PHILIP E. RUSSELL et al., Individually and Doing Business as DANNY's, Appellants. — Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered July 6, 1984 in Schenectady County, which granted plaintiff's motion to extend the period for plaintiff to submit to a court-ordered physical examination.

In this negligence action brought to recover damages for personal injuries, plaintiff has on two occasions, for undisclosed

"personal and physical reasons", failed to attend previously scheduled appointments for a physical examination to be conducted by defendants' physician. Defendants thereupon moved for and secured an order, dated November 21, 1983, compelling plaintiff to submit to such examination. The order also provided that if plaintiff failed to comply, he was precluded from offering any medical evidence at the time of trial. In May of 1984, the matter having theretofore been noticed by plaintiff and now reached for trial, plaintiff moved for an order relieving him of the preclusionary aspects of the prior order and defendants, pointing to plaintiff's noncompliance with that order (he had failed to appear for an appointment on December 13, 1983), cross-moved for summary judgment dismissing the complaint. Defendants contend that Special Term acted improvidently when it granted plaintiff 10 additional days within which to submit to the physical examination upon condition that, within that time, he also pay defendants $300 as costs and reimburse them for expenses incurred by reason of his failure to appear for previous examinations.

Although inexcusable on the record before us, plaintiff's transgressions do not, as a matter of law, amount to a willful and contumacious disregard of Special Term's order; hence, the drastic sanction of striking the complaint, which defendants call for, is not warranted (see *Plainview Assoc. v Miconics Inds.*, 90 AD2d 825; *Bolser v Newport Trucking*, 90 AD2d 784). And since the propriety of the monetary penalty imposed is unchallenged (see, e.g., *Holdorf v Oneonta Urban Renewal Agency*, 99 AD2d 865; *Bolser v Newport Trucking, supra*), there is no basis for the assertion that Special Term abused its discretion.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.