■ JOHN FARRELL, Appellant-Respondent, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent-Appellant, and HERBERT POREDA, Respondent. (And a Third-Party Action.)—Weiss, J. Cross appeals from an order of the Supreme Court at Special Term (Zeller, J.), entered May 16, 1985 in Chenango County, which, *inter alia,* granted the cross motion of defendant Herbert Poreda to dismiss the complaint against him and denied the cross motion of defendant New York State Electric & Gas Corporation to dismiss the complaint against it.

Plaintiff, who was employed by third-party defendant, Globe Silo Company, Inc., in the construction of a silo upon a farm owned by defendant Herbert Poreda, seeks recovery of damages alleged to have resulted from the negligence of defendant New York State Electric & Gas Corporation (NYSEG) and Poreda. During the construction, plaintiff came in contact with high voltage wires owned by NYSEG. Insofar as is pertinent on this appeal, Special Term granted Poreda's cross motion for dismissal of the complaint against him pursuant to CPLR 3126. Poreda made the cross motion due to plaintiff's failure to comply with a prior 30-day conditional order of preclusion requiring plaintiff to serve a verified bill of particulars and to comply with other discovery demands. Plaintiff has appealed. Also before us is NYSEG's cross appeal from Special Term's denial of its CPLR 3126 cross motion to dismiss the complaint against it for plaintiff's failure to provide various discovery items. Special Term's denial was made on the condition that plaintiff produce the discoverable items within 30 days of service of that order and also provide a written stipulation to reduce any award against NYSEG by $2,000 for the delay occasioned.

Initially, we reject plaintiff's attempt to attribute his default to the law office failure of his attorney, and find the permissible remedies afforded by the recent amendments to CPLR 2005 and 3012 (d) inappropriate here *(see,* CPLR 2005, 3012 [d], as added by L 1983, ch 318, §§ 1, 2). Nevertheless, Special Term should not have dismissed plaintiff's complaint as against Poreda. Generally, the accepted rule is that CPLR 3126 sanctions for failure to comply with a preclusion order: "require a willful refusal on the part of the adverse party to disclose information before the drastic remedy of dismissal or defense preclusion will be ordered * * * The moving party's affidavit must prove conclusively that the failure to disclose was deliberate and contumacious" *(Town of E. Greenbush v Ashland Chem. Co.,* 99 AD2d 604 [citation omitted]). *(See,*

*Battaglia v Hofmeister,* 100 AD2d 833, 834 [and cases cited therein].) In the absence of conduct "so blatantly contumacious as to require the ultimate penalty" *(Spancrete Northeast v Travelers Indem. Co.,* 99 AD2d 623, 624), the drastic sanction of dismissal is not warranted *(see, Hotaling v Russell,* 107 AD2d 921; *Battaglia v Hofmeister, supra).* Based upon the alleged inability of plaintiff's attorney to contact his client, who was working out of State, we cannot agree with Special Term's determination that his conduct was so willful as to warrant an outright dismissal of the complaint against Poreda. We do hold, however, that because plaintiff's attorney failed to move for an extension of time *(see,* CPLR 2004; *Taylor v Prudential Prop. & Cas. Ins. Co.,* 97 AD2d 660, 661), the appropriate sanction would be the imposition of a $2,000 fine to be paid personally by plaintiff's attorney to Poreda within 30 days following service of a copy of the order to be entered upon this decision with notice of entry.

Having so concluded, we find no abuse of discretion by Special Term in its refusal to grant NYSEG's cross motion for dismissal for failure to timely comply with discovery demands imposing instead a monetary sanction upon plaintiff.

Order modified, on the facts, without costs, by reversing so much thereof as granted defendant Herbert Poreda's cross motion to dismiss the complaint against him; cross motion denied and the sanction of a $2,000 fine to be personally paid by plaintiff's attorney to Poreda is substituted therefor; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.