■ LESLIE BASSETT et al., Appellants, v JOHN K. POWERS et al., Respondents.—Main, J. P. Appeals (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered May 20, 1985 in Albany County, which granted defendant John K. Powers' motion for summary judgment dismissing the complaint against him, and (2) from an order of said court, entered June 20, 1985 in Albany County, which granted defendant Metropolitan Property and Liability Insurance Company's motion for summary judgment dismissing the complaint against it.

Plaintiffs Leslie and Colleen Bassett retained defendant John K. Powers, an attorney, to represent their daughter, plaintiff Jane Bassett, in a claim against defendant Metropolitan Property and Liability Insurance Company (Metropolitan). The present action arises out of Powers' representation of Jane Bassett and subsequent settlement of her claim against Metropolitan. Following commencement of this action in 1984, defendants each served on plaintiffs a demand for a bill of particulars. The bills of particulars submitted by plaintiffs were unacceptable, and both defendants moved for orders of preclusion. The motions were granted, and plaintiffs were given 30 days to serve proper bills of particulars or be precluded from offering evidence at trial regarding the matters to which they did not respond. Although plaintiffs filed notices of appeal from the orders, they did not attempt to comply with the orders or perfect their appeals. After the 30-day time limit expired, both defendants moved for summary judgment on the ground that the preclusion orders barred plaintiffs from introducing evidence at trial sufficient to make out a prima facie case. The motions were granted, and plaintiffs appeal.

We affirm. Initially, we note that although plaintiffs claim that this appeal is from the two orders granting summary judgment and the two orders of preclusion, only the former orders are properly before us. This court's rules in effect at the time* provided that if an appeal is not perfected within nine months of the date of entry of the order appealed from, the appeal is deemed abandoned and can be revived only by a motion to this court demonstrating excusable neglect and a meritorious appeal (22 NYCRR 800.12). Plaintiffs requested

* Effective May 1, 1986, an appeal must be perfected within nine months of the date of the notice of appeal, rather than the date of entry of the order (22 NYCRR 800.12).

and were granted leave to perfect their appeals from the orders granting summary judgment; however, they did not request leave to perfect their appeals from the orders of preclusion. Accordingly, plaintiffs' arguments concerning the orders of preclusion are not properly before this court, and we decline to consider them.

In order to defeat defendants' motions for summary judgment, plaintiffs effectively had to demonstrate that their default in complying with the orders of preclusion should be excused. (We note that plaintiffs have never sought to vacate the orders of preclusion.) In order to make that demonstration, plaintiffs must show an excuse for the delay and show that their claims have merit (see, Taylor v Prudential Prop. & Cas. Ins. Co., 97 AD2d 660, 661). Plaintiffs have failed to show either element. In opposition to defendants' motions for summary judgment, plaintiffs submitted only their attorney's affidavits. These affidavits give no explanation whatsoever for plaintiffs' failure to comply with the order of preclusion, but instead deal with totally irrelevant issues. In addition, the bald assertion in one affidavit that plaintiffs' cause of action has merit is insufficient to defeat a motion for summary judgment (see, State Bank of Albany v McAuliffe, 97 AD2d 607, appeal dismissed 61 NY2d 758), and indeed would have been insufficient for the purpose of vacating the orders of preclusion (cf. Suggs v Hrabb, 91 AD2d 819; Jones v Bryce, 76 AD2d 966). Accordingly, Special Term properly granted defendants' motions for summary judgment.

Orders affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.