■ THOMAS JENSEN et al., Respondents, v SAMUEL FELDMAN LUMBER CO., INC., Defendant, and VERMONT AMERICAN TOOL CO., INC., Appellant. [612 NYS2d 835] —Order, Supreme Court, Suffolk County (Marquette L. Floyd, J.), entered on or about February 12, 1992, which, insofar as appealed from as limited by defendant-appellant's brief, denied defendant-appellant's motion to dismiss the action for failure to timely serve a complaint, and granted plaintiffs' cross motion to compel the defendant to accept their complaint, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in excusing plaintiffs' noncompliance with CPLR 3012 (b) *(see, De Vito v Marine Midland Bank,* 100 AD2d 530, 531), the delay in serving the complaint being of relatively short duration and attributable in part to miscommunication between the parties' attorneys, and plaintiffs having made a strong showing on the merits of this products liability claim (CPLR 3012 [d]). Concur —Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.

■ In the Matter of CHARLES LEIN, Respondent, v PETER E. STANGL, as Chairman and Chief Executive Officer of the Triborough Bridge & Tunnel Authority, et al., Appellants. [612 NYS2d 835] —Order and judgment (one paper), Supreme Court, New York County (William McCooe, J.), entered April 15, 1993, which denied respondents' motion to dismiss the petition and directed a hearing on the issue of whether the reassignment of petitioner from his position as a provisional management employee was made in bad faith, unanimously affirmed, without costs.

Petitioner established his entitlement to a hearing to determine whether respondent demoted him to lieutenant from his provisional position of management in retaliation for his opposition to acts undertaken by his superior which he reasonably believed were improper *(see, Matter of York v McGuire,* 63 NY2d 760). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.