■ GEAR UP, INC., Also Known as GEAR UP FOUNDATION, et al., Respondents, v CITY OF NEW YORK et al., Defendants, and VILLAGE VOICE, LLC, Appellant. [34 NYS3d 17]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 3, 2015, which denied defendant Village Voice, LLC also known as the Village Voice's motion to dismiss the action as against it for failure to serve a complaint, and granted plaintiffs' cross motion for an extension of time under CPLR 3012 (b), deeming the proposed complaint timely served nunc pro tunc, unanimously reversed, on the law and the facts, without costs, plaintiffs' motion denied, and defendant's motion granted. The Clerk is directed to enter judgment dismissing the action as against the Village Voice.

Plaintiffs failed to demonstrate either a reasonable excuse for not serving the complaint or a meritorious claim in support of their motion for an extension of time to serve it (CPLR 3012 [d]; *see Talley v Montefiore Hosp.*, 167 AD2d 231 [1st Dept 1990]).

The complaint that plaintiffs annexed to their cross motion fails to suffice as an affidavit of merit since it does not contain "evidentiary facts sufficient to establish a prima facie case" (*Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905 [1985]). It alleges that defendant printed "malicious defamatory remarks" but does not set forth the particular words complained of (CPLR 3016 [a]; *see Khan v Duane Reade*, 7 AD3d 311 [1st Dept 2004]). Nor does it allege facts showing that defendant acted with actual malice (*see Gertz v Robert Welch, Inc.*, 418 US 323, 342 [1974]).

In any event, plaintiff, as a public figure, would have had to allege facts that the defendant acted with actual malice, knowledge that the statements were false or a high degree of awareness of falsity (*see id.*). There is no such showing here. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.