Elkaim v Lotte N.Y. Palace Hotel (2021 NY Slip Op 02450)





Elkaim v Lotte N.Y. Palace Hotel


2021 NY Slip Op 02450


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 150124/17 Appeal No. 13648 Case No. 2020-02991 

[*1]Erna De Saint George Elkaim, Plaintiff-Appellant,
v
Lotte New York Palace Hotel et al., Defendants-Respondents.


Mischel & Horn P.C., New York (Lauren E. Bryant of counsel), for appellant.
Litchfield Cavo LLP, New York (Nadia Del Toro of counsel), for Lotte New York Palace Hotel and Francesca Pirrone, respondents.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for The Ciity of New York, respondent.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered October 7, 2019, which denied plaintiff's cross motion permitting service of her complaint nunc pro tunc pursuant to CPLR 3012(d), and granted defendants' motions to dismiss the complaint pursuant to CPLR 3012(b), unanimously affirmed, without costs.
Plaintiff failed to set forth a reasonable excuse for her approximately 18-month-delay in serving her complaint (see Gear Up, Inc. v City of New York, 140 AD3d 515 [1st Dept 2016]; see also Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281, 1282 [2d Dept 2020]). While her counsel attributed the delay to a paralegal's failure to calendar the deadline to serve the complaint before the paralegal left the firm in December 2017, the deadline to serve and file the complaint was months before then. Moreover, counsel never explained why he failed to file a complaint despite having received two similar demands for one a month apart. Given the inordinate delay, and lack of any adequate explanation for the delay, plaintiff's reliance on law office failure was properly rejected (see Hertz Vehs. LLC v Westchester Radiology & Imaging, PC, 161 AD3d 550 [1st Dept 2018]; Pichardo-Garcia v Josephine's Spa Corp., 91 AD3d 413, 414 [1st Dept 2012]).
Plaintiff's out-of-state residency in Florida is insufficient to justify the delay, as she had voluntarily removed herself from the court's jurisdiction and failed to maintain adequate communication with her own counsel (see Martinez v Belanger, 186 AD2d 40 [1st Dept 1992], affd 8 NY2d 672 [1993]). Any claim of impairment in communication due to her out-of-state residency is unacceptable, especially in view of the availability of technology (see Caton v Schenectady Gazette, 82 AD2d 949 [3d Dept 1981]). Plaintiff's claim that an ongoing illness impeded her filing of a complaint is unsupported by any evidentiary showing, including a medical affidavit (see id.).
Given plaintiff's failure to establish a reasonable excuse for her lengthy delay in serving the complaint, this Court need not reach the issue of whether plaintiff established a potentially meritorious claim (see Citibank, N.A. v. K.L.P. Sportswear, Inc., 144 AD3d 475 [1st Dept 2016]). In any event, we have reviewed her contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021