Ahmed v Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano LLP (2025 NY Slip Op 02147)

Ahmed v Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano LLP

2025 NY Slip Op 02147

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 100353/22|Appeal No. 4121|Case No. 2024-05078|

[*1]Sharafaldin Ahmed, Appellant,
v
Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano LLP, Respondent.

Sharafaldin Ahmed, appellant pro se.
Rivkin Radler LLP, Uniondale (Merril Biscone of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered July 24, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint pursuant to CPLR 3012(b), unanimously affirmed, without costs.
The court properly dismissed the complaint, without prejudice, based on plaintiff's failure to serve defendant with the complaint within 20 days after the service of a notice of appearance and demand for a complaint pursuant to CPLR 3012(b), and his failure to provide a reasonable excuse for the delay (see Elkaim v Lotte N.Y. Palace Hotel, 193 AD3d 566, 567 [1st Dept 2021]). The record shows that defendant served plaintiff with a notice of appearance and demand for a complaint on August 30, 2022, and that plaintiff served defendant with the summons and complaint on February 13, 2023, almost five months after the mandated time period. Plaintiff did not provide any explanation for the delay. Plaintiff's status as a pro se litigant did not provide him with greater rights than other litigants (see Tao Liu v Sobin Chang, 227 AD3d 410, 411 [1st Dept 2024]).
We have considered the plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025